**CITY OF EUGENE,**
acting by and through the
Eugene Water and Electric Board,
*Plaintiff,*

*v.*

**DEPARTMENT OF REVENUE,**
*Defendant.*

(TC 4174)

Josephine H. Mooney, Calkins & Calkins, Eugene, filed the motion on behalf of Plaintiff (taxpayer).

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, filed a response on behalf of Defendant (the department).

Decision for Plaintiff rendered May 12, 1998.

**CARL N. BYERS, Judge.**

This appeal concerns the tax status of property used by the Eugene Water and Electric Board (EWEB) for on-site child care as a benefit to its employees. Defendant contends that because EWEB only has charter authority to operate utilities for the city, the use of the property for child care is inconsistent with its corporate purpose and therefore the land is taxable under ORS 307.090.[1] There is no dispute of

_____
[1] All references to the Oregon Revised Statutes are to 1995.

material fact and the legal issue has been submitted on motion for summary judgment.

EWEB is a division of the City of Eugene with charter authority to operate the city's utilities. EWEB decided to offer on-site child care services in 1986. The center is operated by EWEB in conjunction with the EWEB Parents Association, Inc. (PAI), an Oregon nonprofit corporation. PAI shares responsibility for the center's operation but does not operate it under any form of lease agreement. EWEB employees have first priority to use of the center, with leftover spaces going to the public at large.

Plaintiff argues that implicit in its charge to operate utilities is the authority to hire employees. Consistent with that authority, Plaintiff asserts that providing child care is merely an employee benefit and therefore within its overall purpose.

## ISSUE

Whether operation of a child care facility is within Plaintiff's corporate purpose within the meaning of ORS 307.090(1).

## ANALYSIS

It is a well-established rule that public property used for municipal or public purposes is exempt from taxation by the state or county. *City of Eugene v. Keeney*, 134 Or 393, 293 P 924 (1930). The *Keeney* court stated that, "Where such public corporations are involved, exemption is the rule and taxation the exception." *Id.* at 397. Thus, this court must begin its inquiry with the presumption that the property is tax exempt.

In their motions, the parties focused on the authority of EWEB, disputing whether the provision of child care fell within that authority. However, the parties confuse the issue. EWEB is merely an administrative arm of the City of Eugene, it has no independent corporate identity. Thus, the inquiry is not whether a child care center is within the "corporate purposes" of EWEB, but whether it falls within the "corporate purpose" of the city.

ORS 307.090 addresses the taxation of property owned by a municipal corporation. It provides, in part:

"(1) Except as provided by law, all property of the state and all public or corporate property used or intended for corporate purposes * * * is exempt from taxation."

The term "corporate purpose" is not defined in the statute. The Supreme Court addressed this issue in *City of Portland v. Multnomah Co.*, 151 Or 504, 50 P2d 1145 (1935), where it posited that corporate purpose meant "any purpose for the accomplishment of which a valid power is granted by the charter or other legislative enactment."

ORS 221.410 grants the city the power to control local affairs. It provides:

"Except as limited by *express* provision or necessary implication of general law, a city may take all action *necessary or convenient* for the government of its local affairs." (Emphasis added.)

■ This statute clearly gives municipal governments authority to take any action which is not inconsistent with express or general law. Reading ORS 221.410 and ORS 307.090 together, "corporate purpose" would seem to encompass any action not prohibited by express or general law. The Eugene City Charter also grants the city a broad scope of authority and power. It provides that:

"The city has all powers that the constitution or laws of the United States or this state expressly or impliedly grant or allow cities, as fully as if this charter specifically stated each of those powers."

Under the laws of this state and the United States, a municipality has the right to exercise power to preserve the health, welfare, and morals of its citizens. *Cove Lodge v. Harris*, 134 Or 566, 294 P 355 (1930). Therefore, the question becomes whether the provision of child care by the city falls within this power.

The court is unable to find any Oregon cases on point. However, at least two other jurisdictions have determined that a day care facility constitutes a "municipal purpose," in that it promotes the health and welfare of the city.

*Hopper v. City of Madison*, 79 Wis 2d 120, 256 NW2d 139 (1977) (there is no doubt that supervision and care of the community's children promotes the health and welfare of the city and is a valid municipal purpose); *City of Boca Raton v. Gidman*, 440 So2d 1277 (Fla 1983) (there is no doubt that the provision of day care facilities is a valid municipal purpose, which is rationally related to the health, morals, protection and welfare of the municipality). The court finds the reasoning of the Florida and Wisconsin courts to be sound.

It is clear the legislature intended that municipalities have broad power to provide for their citizenry. Concomitant with this power is the right to establish boards, hire employees, and provide for the general welfare of the public. The court has found no express or general limitation on the provision of child care by a city. Rather, as Plaintiff points out, both federal and state law encourages employers to provide child care. ORS 659.030(4)(a); 40 USC § 490(b). So long as the Plaintiff acts consistent with its charter and not contrary to express or implied law, the court must find such acts within its "corporate purpose."

Given the general presumption against the taxability of public property, and the broad definition of corporate purposes, the court finds that the provision of child care is within Plaintiff's corporate purpose within the meaning of ORS 307.090(1), and thus the subject property is tax exempt. Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment is granted.