Plaintiff appeals the taxability of property identified in Defendant's records as Accounts 54376 and 54379. A trial was held in Astoria, Oregon, December 13, 2006. William R. Canessa (Canessa), Attorney, appeared on behalf of Plaintiff (the City). John A. Solheim (Solheim), Commercial Appraiser, appeared on behalf of Defendant (the County).
 I. STATEMENT OF FACTS
The subject property consists of a recreational vehicle (RV) park; indoor pool and spa; a building with a convenience store, laundromat, and recreational room; and two buildings with restrooms and showers. Gasoline and propane are also available for sale on site. The City purchased the subject property in April 1996. Since then, the City has entered into contracts with three different companies to manage the property for the City, with the most recent contract being entered into on February 10, 2006. The contract is entitled "Management Agreement for the Cannon Beach RV Park" (the Agreement) and provides that the City will pay the Manager $3,000 a month to manage the park for the City. In addition, the Manager receives five percent of the net revenue. The Agreement states that, in exchange for its compensation, the Manager agrees to do the following:
 "The Manager shall manage the City's RV Park including, but not limited to paying for all expenses associated with the RV Park, hiring and terminating employees, maintaining the books and records, collecting and disbursing of funds, repairing and maintaining structures and the swimming pool, advertising and renting RV spaces, operating the store and fueling stations, maintaining the landscaping, maintaining adequate security, operating a reservation system, and applying for and obtaining all required *Page 252 
governmental and quasi-governmental permits, licenses and approvals if the same have not already been obtained, for use of the RV park and related operations of the RV Park, and such other duties as described in this Agreement."
The Agreement provides that the City shall reimburse the Manager for all expenses out of an imprest fund established by the City. The Agreement further provides that the Manager must deposit each day the previous day's receipts into the City's account at a local bank, and the Manager must make its books available to the City for inspection. For any expenses exceeding $1,500, the Manager must seek approval from the City prior to incurring the expense. The Manager must also provide its proposed annual budget to the City Manager for the City Manager's approval, and the City Manager and park Manager are required to meet at least quarterly to discuss the park's operations. The Manager must operate the RV park continuously and may close only with the approval of the City Manager. The Agreement provides that the City reserves the right for the public to use portions of the park "so long as the public's use of the Facility does not infringe upon the operation of the Facility for the benefit of paying visitors." Either party may terminate the Agreement with 90 days written notice.
Solheim testified that, when the City purchased the property in 1996, he discussed the taxable status with the City Manager. The City Manager at that time informed Solheim that the City was holding the property for a future school site. Solheim testified that, based on their discussions, the County concluded the property should remain on the roll as taxable property because it was not being held for a corporate purpose of the City in accordance with ORS 307.090 and, more importantly, the Manager of the RV park held an interest that caused the property to be taxable under ORS 307.110.
In February 2006, Canessa sent a letter to the County stating the City believed the property should be exempt and requesting the matter be resolved. Solheim responded in a letter dated March 14, 2006, denying the claim for exemption and advising the City of its appeal rights. *Page 253 
The City filed an appeal with this court June 1, 2006. In its Complaint, the City requests that the court grant the subject property exempt status for the 1999-2006 tax years. At trial, the court questioned Canessa about the City's basis for requesting relief back to the 1999-2000 tax year. He responded that the City was asking relief for "whatever years" the court deemed appropriate.
 II. ANALYSIS
This appeal presents two issues. The first issue is which years are properly before the court. The second issue is whether the property is exempt from taxation for those years.
A. Tax Years
ORS 305.275(1)(a)(C)[1] provides that any person may appeal to the Magistrate Division if that person is "aggrieved by and affected by an act, omission, order or determination of * * * [a] county assessor or other county official, including but not limited to the denial of a claim for exemption [.]" ORS305.280(1) provides that an appeal to the Magistrate Division "shall be filed within 90 days after the act, omission, order or determination becomes actually known to the person, but in no event later than one year after the act or omission has occurred!.]"
1. Plaintiff seeks exemption under the provisions of ORS307.090, which allows an exemption for public property. Nonpublic properties seeking exemption typically must file an application. See, e.g., ORS 307.162. Appeals are then pursued after the county denies the applicant relief. Under ORS307.090, however, no application is required. The question is what generates the beginning of the appeal period for exemption claims under ORS 307.090.
2, 3. ORS 305.280(1) states that an appeal must be filed within 90 days after the act becomes known to the person. Here, the City had knowledge that the property was taxable each fall when it received its tax statement. The City had 90 days from gaining that knowledge to appeal to this court. The City did not file an appeal until June 2006, after receiving notice from the County that it was not allowing the City its *Page 254 
claim for exempt status on the property. The City was well past 90 days from receiving knowledge that the property was taxable for the 1999-2000 through 2005-06 tax years because the City received tax statements each fall for those years. Further, there are no statutory provisions allowing the court to consider retroactive claims for exemption. As a result, the City is too late to appeal tax years 1999-2000 through 2005-06 to this court.
4. The City, however, has timely appealed the 2006-07 tax year because the City appealed within 90 days of receiving the County's letter advising the City the County would not grant the City's request for exempt status on the property. The County's letter occurred prior to issuance of a tax statement for the 2006-07 tax year. The court will consider whether the property is entitled to exemption for the 2006-07 tax year.
B. Exempt Status
The County denied the City exempt status on the property claiming: (1) the property is not used for the City's corporate purposes, and (2) the Manager holds a sufficient interest in the property to disqualify it from exempt status.
1. ORS 307.090 — Corporate Purpose
ORS 307.090 provides public property an exemption from property taxation. The statute states, in pertinent part:
 "(1) Except as provided by law, all property of the state and all public or corporate property used or intended for corporate purposes of the several counties, cities * * * and all other public or municipal corporations in this state, is exempt from taxation."
(Emphasis added.) The County claims the property, although owned by the City, is taxable because it is not used for the City's corporate purposes.
The court begins by observing that when "public corporations are involved, exemption is the rule and taxation the exception." City of Eugene v. Keeney,134 Or 393, 397, 293 P 924 (1930); see also City of Eugene v. Dept.of Rev., 15 OTR 1, 2 (1998) (observing that the "court must begin its inquiry with the presumption that the property is tax exempt"). With *Page 255 
that as the beginning point of the court's analysis, the next inquiry is whether maintaining an RV park fits within the corporate purposes of the City.
In City of Eugene v. Dept. of Rev., the Tax Court considered whether providing childcare was within the corporate purposes of the City of Eugene. The court began by noting a corporate purpose is "`any purpose for the accomplishment of which a valid power is granted by the charter or other legislative enactment.'" 15 OTR at 3 (quoting City ofPortland v. Multnomah Co., 151 Or 504, 50 P2d 1145
(1935)). The court observed that ORS 221.410 grants a city authority to "`take all action necessary or convenient for the government of its local affairs'" as long as those actions are not "`limited by express provision or necessary implication of general law.'" Id. (quoting ORS 221.410) (emphasis omitted). The court interpreted the statute as giving local governments the "authority to take any action which is not inconsistent with express or general law" and concluded childcare was within the City of Eugene's corporate purposes.Id. at 3, 4.
In addition to the grant of authority provided by ORS 221.410, the City's Charter also conveys broad powers to the City. The City Charter states, in pertinent part:
 "SECTION 4. POWERS OF THE CITY. The City has all powers that the constitutions, statutes and common law of the United States and of this state expressly or impliedly grant or allow municipalities, as fully as though this charter specifically enumerated each of those powers.
 "SECTION 5. CONSTRUCTION OF POWERS. In this charter, no mention of a specific power is exclusive or restricts the authority that the city would have if the specific power were not mentioned. The * * * city has all powers necessary or convenient for conducting its private affairs, including all powers that cities may now or hereafter assume under the home rule provision of the constitution and laws of Oregon."
The City argues there is a public need for an RV park because the City is a destination resort for tourists. By providing a source of lodging, the City is serving its visitors and supporting the local tourist industry. *Page 256 
 5. Both ORS 221.410 and the City Charter provide the City with broad powers and authority. The court finds that owning an RV park fits within the broad definition of corporate purpose. Therefore, unless excepted under ORS 307.110, the court finds the property is exempt under ORS 307.090.
2. ORS 307.110 — Taxable Interest
ORS 307.110(1) provides an exception to the exemption allowed under ORS 307.090 when the property is "held under a lease or other interest or estate less than a fee simple by any person whose real property, if any, is taxable * * *."
The Oregon Supreme Court has observed that "even publicly owned property should pay its share of the cost of government when in the hands of a private person and devoted to a private use."Holman Tfr. Co. et al. v. Portland et al., 196 Or 551,557, 249 P2d 175 (1952). In Sproul et al v. Gilbert etal, 226 Or 392, 359 P2d 543 (1961) (Sproul), the Oregon Supreme Court considered whether the user's interest in the land constituted a lease, thereby subjecting the federal lands at issue to taxation. The court observed:
 "It is, then, the character of the occupant's right to use until his interest is terminated which is regarded as the significant factor. If, prior to termination, the transferor can rightfully interfere with every use the occupant might make of the premises, the interest is clearly a mere license. If any interference by the transferor is prohibited, the transferee's interest is clearly a leasehold. When a case does not present either of these extremes we are required to determine whether the right to use bargained for by the transferee is substantial enough to warrant giving him the benefits (or imposing upon him the burdens) which legal tradition has attached to possessory interests. Generally the substantiality of the occupant's interest is tested by the inquiry: Does he have sufficient control over the premises to warrant the label of possession?"
Sproul, 226 Or at 406.
The County claims the City has conveyed the Manager an interest in the property. The County points to the *Page 257 
authority and control given to the Manager to run the business and further argues that the 90-day termination requirement shows the Manager has an interest in the property. The County refers the court to a variety of cases finding the lessee of property had sufficient control to result in taxation of the property. See, e.g., Avis Rent A Car System, Inc. v. Dept. ofRev., 330 Or 35, 995 P2d 1163 (2000).
6, 7. The difference between the cases referred to by the County and the subject appeal is that, in this case, the City has not transferred to the Manager an interest in the property. Lessees and other holders of an interest in property pay the owner rent to use the property for the user's benefit. SeePort of Coos Bay v. Dept. of Rev., 298 Or 229, 233,691 P2d 100 (1984) ("The three essential elements of a lease are: a description of the property, the duration of the term, and the rental consideration.")[2] In the subject appeal, the Manager does not pay the City to use the property, and the Manager is not using the property for its own, private benefit. Instead, the City hired the Manager and pays the Manager to manage the property and run the business for the City'sbenefit. Money earned from the property is deposited in a City account. The court agrees with the City that the Agreement is simply a contract for services and conveys no interest in the property to the Manager. The court finds, therefore, that the property is exempt from taxation.
 III. CONCLUSION
The court concludes that the only year appealed by Plaintiff within the required 90 days of notice of taxation is the 2006-07 tax year. The court further concludes that the subject property is exempt from taxation because it is used for the City's corporate purposes, pursuant to ORS 307.090, and the Manager of the property does not hold an interest in the property that would cause the property to be excepted from exemption under ORS 307.110. Now, therefore, *Page 258 
IT IS THE DECISION OF THIS COURT that the property identified by Accounts 54376 and 54379 is exempt for the 2006-07 tax year.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005.
[2] Black's Law Dictionary defines a lease as follows: "To grant the possession and use of (land, buildings, rooms, movable property, etc.) to another in return for rent orother consideration * * *." Black's Law Dictionary 900 (7th ed 1999) (emphasis added). *Page 259