DECISION
Plaintiff appeals Defendant's denial of its 2007-08 property tax exemption application[1] received by Defendant on July 2, 2008, and Defendant-Intervenor's (Department) Conference Decision No. 09-0045 (Decision), dated December 18, 2009, concluding that Plaintiff did not meet the statutory requirements of property owned by a public body and Department lacked "authority to recommend relief under ORS 307.475, the hardship statute." (Def-Intervenor's Decision at 5.)[2]
The parties submitted a statement of stipulated facts and cross motions for summary judgment. Oral argument was held in the Oregon Tax Courtroom, Salem, Oregon, on November 15, 2010. Nancy Hungerford, Attorney at Law, appeared on behalf of Plaintiff. Kathleen Rastetter, Assistant County Counsel, Clackamas County, appeared on behalf of *Page 2 
Defendant. James Wallace, Assistant Attorney General, Oregon Department of Justice, appeared on behalf of Defendant-Intervenor.
 I. STATEMENT OF FACTS
Plaintiff is a public charter school, organized under ORS 338. (Stip Fact 1.) A Charter Agreement (Agreement) was entered into between Plaintiff and the Oregon City School District (District) on April 27, 2006. (Id.) The Agreement between Plaintiff and District included a lease beginning August 1, 2006, for Plaintiff's use of property owned by District and located at 16491 S. Springwater Road in Oregon City. (Stip Fact 5, 7.)
Plaintiff filed a property tax exemption application for the subject property on June 11, 2008. (Stip Fact 7.) Plaintiff filed its application "within 30 days of receiving notification that [property] taxes had been assessed [on the leased property] for the 2007-08 tax year." (Stip Fact 9.)
On December 18, 2008, Defendant denied Plaintiff's application, stating in its letter:
 "The application requesting property tax exemption under ORS 307.145 has been denied. The reason(s) for this denial is as follows:
 "Your application for exemption, filed pursuant to ORS 307.166, was received on July 2, 2008. The filing deadline was December 31, 2007."
 "If a hardship existed which prevented the application from being filed on time you may wish to file an appeal pursuant to ORS 307.475 with the Director of the Oregon Department of Revenue — PO Box 14380 — Salem, Oregon 97309."
(Stip Fact 10, Ex G.)
Plaintiff filed a petition for a hardship waiver with Department "within approximately 30 days on January 19, 2009." (Stip Fact 10.) *Page 3 
Plaintiff "filed a timely appeal of the Department's Decision, dated December 18, 2009, on March 17, 2010." (Stip Fact 11.) In its Decision, Department concluded:
 "This case involves an unfortunate set of circumstances. Regrettably, it does not appear that any of these circumstances give the department legal authority to grant the requested relief for the 2007-08 tax year. Therefore, petitioner's request must be denied."
(Def-Intervenor's Decision at 5.)
 II. ANALYSIS
Plaintiff appeals Defendant's denial of its application and Department's Decision. There are separate standards of review for Defendant's denial and Department's Decision.
A Defendant's Denial
Plaintiffs appeal rights for Defendant's denial of its property tax exemption are found in ORS 305.275(1)[3] which provides in pertinent part:
 "Any person may appeal under this subsection to the magistrate division of the Oregon Tax Court as provided in ORS 305.280 and 305.560, if all of the following criteria are met:
 "(a) The person must be aggrieved by and affected by an act, omission, order or determination of:
 "* * * * *
 "(C) A county assessor or other county official, including but not limited to the denial of a claim for exemption * * *;
 "(b) The act, omission, order or determination must affect the property of the person making the appeal or property for which the person making the appeal holds an interest that obligates the person to pay taxes imposed on the property. *Page 4 
As used in this paragraph, an interest that obligates the person to pay taxes includes a contract, lease or other intervening instrumentality.
 "(c) There is no other statutory right of appeal for the grievance."[4]
Plaintiff's application for a real and personal property tax exemption for property leased by an exempt body to another exempt body [ORS 307.166] was signed on June 11, 2008, and received by County on July 2, 2008. (Stip Facts Ex F.) In response to the question, "[a] property tax exemption is requested under the following Oregon Revised Statute (mark one box)[,]" Plaintiff checked the box labeled "307.145 Child care facilities, schools, student housing." (Id.)
When "public corporations are involved, exemption is the rule and taxation the exception." City of Eugene v. Keeney,134 Or 393, 397, 293 P 924 (1930); see also City ofEugene v. Dept. of Rev., 15 OTR 1, 2, 1998) (stating that the "court must begin its inquiry with the presumption that the property is tax exempt.") ORS 307.110 provides an exception to the exemption allowed under ORS 307.090 when the property is "held under a lease or other interest or estate less than a fee simple [ ] by any person whose real property, if any, is taxable * * *."
There is no dispute that Plaintiff meets the statutory requirements of a qualifying organization operating a charter school in a leased facility owned by an exempt body, the Oregon City School District. Plaintiff alleges that it is "entitled to automatic exemption from property tax because it is a public school." (Ptf's Mot for Summ J at 3.) Plaintiff cites ORS 307.090(1), alleging that the subject property is "`used or intended for corporate purposes'" of the Oregon *Page 5 
City School District because the Oregon City School District "chose[] to charter Springwater Environmental Sciences School (`Springwater') to provide elementary education under ORS Chapter 338." (Id. at 4.) The Oregon Supreme Court and Oregon Tax Court did not reach the same conclusion as Plaintiff inAlbany Gen. Hospital v. Dept. of Rev.,277 Or 729, 561 P2d 1029, (1977), affirming Albany Gen.Hospital v. Dept. of Rev. (Albany General Hospital),6 OTR 446 (1976). In Albany General Hospital, the court reasoned:
 "Although the programs of the hospital and of the county were intended to improve the overall health of the community, they were independent of each other.
 "* * * * *
 "The court recognizes the seeming logicality of the proposition that when an exempt corporation leases some of its property to a governmental unit, to be used by the lessee in the broad field of endeavor espoused by the lesssor, property exemption ought to be continued, notwithstanding that the lessor has no direct interest and plays no part in the lessee's specific programs. However we are governed by law. All taxation is based on specific statutes. Or Const, Art IX, § 1. The legislature is the arbiter of classifications for purposes of exemption[.] * * * When construing a statute, a court is not permitted to take into consideration the desirability, expediency, policy or wisdom of the enactment. * * * Courts cannot supplant the legislature, by adding words to cure a possible oversight, affecting the logicality of the tax structure."
Id. at 450, 452 (citations omitted).
The court concluded that the property was taxable. The facts of the case before the court are similar to those found in AlbanyGeneral Hospital. Both Plaintiff and the Oregon City School District are committed to education, but Plaintiff's program and the Oregon City School District's program are "independent of each other." (Id. at 450.)
The legislature in 1977 enacted ORS 307.166 to address the Albany General Hospital situation. Ted de Looze (de Looze), Oregon Department of Revenue, Chief Tax Counsel, cited the example of Albany General Hospital leasing a portion of its property to Linn County Health Department and the property was subject to property taxation. (1977 Senate Committee on *Page 6 
Revenue and School Finance, discussing section 26 of SB 112 (codified at ORS 307.166) on February 8, 1977.) De Looze asked: "Why not extend [the exemption] to any other organization entitled to exemption?" (Id.)
ORS 307.166 provides that if one entity entitled to claim property tax exemption leases its property to another entity eligible to claim property tax exemption an application or claim must be filed. ORS 307.166(3)(a)(A) sets a deadline for filing a claim when, like the facts of this case, a lease was "entered into after March 1 but not later than June 30." ORS 307.166(3)(a)(A) specifies that the claim "shall be filed within 30 days after the date the lease or agreement is entered into if exemption is claimed for the assessment year beginning on that January 1[.]"
The dispute before the court relates to Plaintiff's late filing of a property tax exemption claim. The parties' lease clearly stated that it "will be solely Lessee's [Plaintiff] responsibility to apply for a tax exemption or obtain a determination of the amount of tax Lessee may be required to pay because of this lease." (Stip Facts Ex D at 17.) The Agreement was entered into on April 27, 2006, and Plaintiff's claim for the 2006-07 tax year needed to be filed within 30 days after April 27, 2006. Plaintiff did not file a claim for the 2006-07 tax year because Defendant was unaware of the change in lessee and continued the exemption that was in place for the previous lessee. Plaintiff filed a claim for the 2007-08 tax year. The deadline date for that claim is provided in ORS 307.166(3)(a): "The claim shall be filed on or before April 1 * * *."
"In interpreting a statute, the court's task is to discern the intent of the legislature." PGE v. Bureau of Labor andIndustries (PGE), 317 Or 606, 610, 859 P2d 1143 (1993); ORS 174.020. The legislative intent is to be determined first from the text and context of the statute. PGE, 317 Or at 611;State v. Gaines, 346 Or 160, 171, 206 P3d 1042 (2009). "In trying to ascertain the meaning of a statutory provision, * * * the court considers rules of construction of the *Page 7 
statutory text that bear directly on how to read the text. Some of those rules are mandated by statute, including * * * the statutory enjoinder `not to insert what has been omitted, or to omit what has been inserted.'" PGE, 317 Or at 611, citing ORS 174.010. Additionally, "words of common usage typically should be given their plain, natural, and ordinary meaning." Id. at 611. "`Shall' is a command: it is `used in laws, regulations, or directives to express what is mandatory.'" Preble v. Department of Revenue,331 Or 320, 324, 14 P3d 613 (2000) (citations omitted.) ORS 307.166(3)(a) provides in pertinent part that "[t]he claimshall be filed on or before April 1 * * *." (emphasis added.) Plaintiff's claim for exemption was submitted on June 11, 2008. (Stip Fact 7.) Plaintiff failed to meet the mandatory filing deadline.
Plaintiff's request for a waiver of the filing deadline is premised on its lack of notice that property taxes were assessed for the 2007-08 tax year. In accordance with applicable law, Defendant sent the 2007-08 property tax assessment to the owner of record. There is no evidence that Plaintiff filed a change of mailing address with Defendant. Plaintiff's claim for lack of notice is better directed to the Oregon City School District, who received the property tax statements, not Defendant who sent the statements to the property owner and entity responsible for paying property tax.
In the alternative, Plaintiff alleges that it did not know that it owed property taxes. There are no statutory provisions in ORS 307.166 outlining exceptions for lack of knowledge or oversight. As previously stated, an application filed under ORS 307.166(1) requires that the application be filed on or before April 1. *Page 8 
B. Defendant-Intervenor's Decision
Having failed to file a timely application, Plaintiff filed a request with Department that the leased property be exempt. ORS 307.475(1) provides in pertinent part that:
 "Any taxpayer may apply to the Director of the Department of Revenue for a recommendation that the value of certain property be [] stricken from the assessment roll and that any taxes assessed against such property be stricken from the tax roll on the grounds of hardship."
Hardship is defined in ORS 307.475(2) as:
 "a situation where property is subject to taxation but would have received relief had there been a timely filing of a valid claim for exemption for cancellation of assessment, * * * and where the failure to make timely application for the exemption [or] cancellation * * * was by reason of good and sufficient cause."
There is a time period in which to make an application to the Director of the Department of Revenue. "An application to the director for a recommendation of tax relief on the grounds of hardship must be made not later than December 15 of the year in which the failure to timely file a claim of hardship occurred." ORS 307.475(3).
In its Decision, Department stated that an application for "the 2007-08 tax year had to be filed no later than December 17, 2007. The petitioner's request was filed with the department on January 19, 2009, more than a year after the deadline." (Def-Interventor's Decision at 3-4.)
Plaintiff timely appealed Department's Conference Decision. The court's standard of review of Department's Decision is abuse of discretion. When evaluating abuse of discretion, the court reviews that Decision in the context of whether it acted in an "arbitrary, capricious or wrongful manner[,]" Perkins and Wiley v. Dept. ofRev., 13 OTR 426, 428 (1995) (citing Corvallis CountryClub v. Dept. of Rev., 10 OTR 302, 307 (1986), or whether Defendant's decision is "clearly wrong." Martin Bros. v. TaxCommission, 252 Or 331, 338, 449 P2d 430 (1969) (citingRichardson v. Neuner, 183 Or 558, 564, 194 P2d 989 (1948). The court cannot "substitute its own view for the administrator's judgment" when review is statutorily given to *Page 9 
another entity. Rogue River Pack v. Dept. of Rev.,6 OTR 293, 301 (1976). To make its review, the court looks first at Plaintiff's evidence in support of its challenge.
"In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proofshall fall upon the party seeking affirmative relief." ORS 305.427 (2005) (emphasis added). Plaintiff must establish its claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." Schaefer v. Dept. of Rev., TC No 4530 at 4 (July 12, 2001) (citing Feves v. Dept. ofRev., 4 OTR 302 (1971)).
Plaintiff alleges that because the property owner failed to notify it of the 2007-08 property tax assessment Plaintiff's "timely compliance" of the statutory deadline "was an impossibility." (Ptf's Mot for Summ J at 8.) Plaintiff focuses on the word hardship and extends the definition found in ORS 307.475(2) and Department's administrative rule OAR 150-307.475 to the time allowed in which to file an application. Unfortunately, the statutory deadline does not relate to the "grounds of hardship" that Department can consider in determining whether "the value of certain property [] be stricken from the assessment roll." ORS 307.475(1). There is a statutory deadline for when an application must be filed in order for the director to consider such a request. It must be filed no "later than December 15 of the year in which the failure to timely file a claim of hardship occurred." ORS 307.475(3). There is no statutory exception to the deadline. Plaintiff did not meet that statutory deadline. Department denied Plaintiff's application as required by law. *Page 10 
 III. CONCLUSION
After careful consideration of the facts and applicable law, the court cannot grant the relief Plaintiff is seeking, the exemption from 2007-08 property tax assessment. Plaintiffs briefs listed many reasons, including the use of funds allocated for children's education to pay property taxes, the subject property's subsequent tax year exemption from property taxes, and Plaintiffs failure to meet "technical requirements" that were not its "fault," in support of why it should not be "forced to pay the 2007-08 property taxes plus interest." (Ptf's Mot for Summ J.) None of those reasons allow the court to ignore lawfully enacted laws. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs Motion of Summary Judgment is denied; and
IT IS FURTHER DECIDED that Defendant's and Defendant-Intervenor's cross motions for summary judgment are granted.
Dated this ____ day of February 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Presiding Magistrate Jill A.Tanner on February 17, 2011. The Court filed and entered thisdocument on February 17, 2011.
[1] Plaintiff's Complaint states that "[t]he County erred in assessing taxes against a property owned by a public school district and leased by Springwater, a public charter school." (Ptf's Comp at 2.)
[2] Defendant-Intervenor's Conference Decision was filed as an attachment to Plaintiffs Complaint. For clarity, the court will cite the Decision as a separate document.
[3] References to the Oregon Revised Statute (ORS) are to the 2007 year.
[4] ORS 305.280 specifies the time period in which an appeal must be filed. ORS 305.280(1) provides in pertinent part:
 "Except as otherwise provided in this section, an appeal under ORS 305.275(1) or (2) shall be filed within 90 days after the act, omission, order or determination becomes actually known to the person, but in no event later than one year after the act or omission has occurred, or the order of determination has been made."
Neither Defendant nor Defendant-Intervenor raised the affirmative defense that Plaintiff failed to file a timely appeal. *Page 1