## ALBANY GENERAL HOSPITAL *v.*
## DEPARTMENT OF REVENUE

Gary E. Norman, Scott & Norman, Albany, represented plaintiff.

T. W. de Looze, Chief Tax Counsel, and James D. Manary, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered June 10, 1976.

Carlisle B. Roberts, Judge.

Plaintiff, a tax-exempt charitable corporation within the provisions of ORS 307.130, appealed to this court from defendant's Order No. VL 75-544, dated October 1, 1975, wherein the defendant held that a portion of plaintiff's hospital building complex, leased to Linn County for the use of the Linn County Health Department, was not exempt from real property tax assessment for the tax year 1975-1976.

The plaintiff had completed the construction of a new addition to its hospital, known as the "1967 Addition." Older additions, known as the "1926 Addition" and the "1957 Addition," were prohibited from further use as a hospital under state fire regulation, the chief defect being the lack of fire sprinkler systems. The hospital board determined that the 1926 Addition should be razed but that other use should be found for the 1957 Addition. Upon the recommendation of Mr. Ronald L. Purdum, Administrator of the Albany General Hospital, and of Mr. Jon Robert Levy, Budget Officer of Linn County and a member of the staff of the Linn County Board of County Commissioners, the 1957 Addition was leased to Linn County, Oregon, beginning on July 17, 1974. The lease provided on page 3 thereof:

> "The Tenant shall have use of the premises for only those functions which are health related. These will include the Linn County Health Department, the Linn County Clinic and similar services."

The testimony revealed that the leased wing contains approximately 10,812 square feet, on three floors. The hospital has retained the use of two rooms and shares the use of a third with the lessee. The rest of the space is utilized for county public health activities,

formerly housed in the courthouse, including vaccinating preschool children, an alcoholic detoxification and counseling center, and a venereal disease control clinic. There was no substantial evidence that the county's programs aided the hospital's work. The chief evidence of relationship other than lessor-lessee between plaintiff and county was testimony that the close proximity of the hospital was a convenience to the county health staff when some individual was brought to it who should have been taken to the hospital's emergency services.

In ORS chapter 307, "Property Subject to Taxation," a fundamental rule is stated in ORS 307.030:

> "All real property within this state and all tangible personal property situated within this state, except as otherwise provided by law, shall be subject to assessment and taxation in equal and ratable proportion."

Hospitals are not charities per se and hence enjoy no inherent exemption from taxation. *Benton Co. v. Allen et al.*, 170 Or 481, 133 P2d 991 (1943). Plaintiff's articles of incorporation show intention to operate as a charitable, not-for-profit corporation, admitting all sick and injured for treatment, regardless of race, color, creed or financial ability to pay. No issue is raised on this point. "* * * In order that the property may be exempt, however, it must fall strictly within the statute. * * *" *Benton Co., supra*, 170 Or at 484. See also the rules governing the construction of exemption statutes in *Methodist Homes, Inc. v. Tax Com.*, 226 Or 298, 307, 360 P2d 293, 297 (1961).

■ The statute which provides for plaintiff's real property tax exemption, ORS 307.130 (as amended by Or Laws 1974 (ss), ch 52, § 3), reads as follows:

> "* * * [T]he following property owned or be-

ing purchased by incorporated * * * charitable * * * institutions shall be exempt from taxation:

"(1) * * * [O]nly such real or personal property, or proportion thereof, as is actually and exclusively occupied or used in the * * * charitable * * * work carried on by such institutions."

In reading this section, the Oregon Supreme Court has settled on a rule of strict but reasonable construction. *Eman. Luth. Char. Bd. v. Dept. of Rev.,* 263 Or 287, 291, 502 P2d 251, 253 (1972).

The County Assessor of Linn County, implementing ORS 308.210, determined that the subject property should be listed in the assessment roll for the tax year 1975-1976, reasoning that the property, having been leased by the plaintiff, was no longer "actually and exclusively occupied or used in the * * * charitable * * * work carried on" by the Albany General Hospital.

Plaintiff's position is that the use of the wing, under the circumstances set out above, "contributes to the furtherance of the charitable goals which are the basis of the appellant's existing property tax exemption." Plaintiff's brief continues:

"The controlling case in Oregon on this subject is Y.M.C.A. v. Department of Revenue, 268 Or 633, 522 P2d 464 (1974). In stating the rule in Oregon, the Supreme Court said:

" '* * * A charitable enterprise does not lose its exemption merely because it engages in competition with businesses which are subject to taxation. Nor is the exemption lost because the property is not *required* in carrying out the primary goals of the charity. It is enough if the activity undertaken on the property substantially contributes to the furtherance of the charity's goals. * * *'

That case dealt with an exempt charitable organization that rented some of its property to other organizations. There the Court held that the *use of the property by the tenants* was in furtherance of the landlord's charity [sic] goals and that the property would, therefore, retain its tax exempt status. * * *"

■ The defendant properly distinguishes *YMCA* from the present case, noting that the situations specified by the court as allowing continued exemption of leased properties involved activities in which the exempt YMCA made itself a joint actor with the lessee, thus enabling the YMCA to carry out its goals of charitable work for servicemen and Job Corps enlistees. A minimum of leased space for the lessees' administrators carried with it involvement in all the YMCA activities (housing, social, athletic and counseling) for scores of the lessees' clients. No such state of facts is found in the present case. Although the programs of the hospital and of the county were intended to improve the overall health of the community, they were independent of each other. The close knit, almost symbiotic relationship of the YMCA with Selective Service and the Job Corps, as found by the Supreme Court, was not shown to exist between the lessor and lessee herein.

The only other case relied upon by the plaintiff was *Genesee Hospital v. Wagner,* 47 App Div2d 37, 364 NYS2d 934 (1975). This case better supports the defendant than the plaintiff. It involved a "care" and a "teaching" hospital, deemed charitable and tax exempt. It had constructed a three-story building (called the "Doctors Office Building"), providing offices for staff physicians on a leased basis, to make it convenient for such physicians to act as teachers in the hospital proper, thus strengthening the hospital's teaching staff. The new wing also housed units of

the hospital's work (*e.g.,* an ambulatory x-ray unit; a dietary unit). The court held that the parts of the wing organized exclusively for hospital purposes were exempt but that the rented offices were subject to taxation. (The decision can be distinguished from the subject case in that the New York Real Property Tax Law, § 421(1), which was construed, differed substantially from the Oregon statute herein considered.)

■ As a more useful aid to construction, defendant has called attention to ORS 307.164, enacted as Or Laws 1973, ch 476, § 2. This act is in *pari materia* with ORS 307.130 and was effective for the assessment date of January 1, 1974, but was made specifically retroactive to assessment dates in 1971, 1972 and 1973, as well. This statute specifically provides that when a corporation exempt under ORS 307.130 or 307.140 leases some of its property to another literary, benevolent, charitable, scientific or religious organization, to be used to carry on the exempt activities of the lessee, the leased property will continue to be exempt from assessment. The first subsection reads:

> "(1) Upon compliance with ORS 307.162, all property owned or being purchased by an institution or organization mentioned in ORS 307.130 or 307.140 is exempt from taxation to the extent that the property is exclusively occupied or used in the literary, benevolent, charitable, scientific or religious work carried on by any other institution or organization or combination of institutions or organizations mentioned in ORS 307.130 or 307.140."

No provision is made for similar exemption from taxation for corporations that do not come within the provisions of ORS 307.130 or 307.140, thus excluding the state, a county, a city or other municipality whose property tax exemption comes within ORS 307.090. Under the "expressio unius" maxim ("the expression of one thing [in a statute] is exclusion of another"),

the court cannot insert or read the word "county" into ORS 307.164, the legislature having specifically omitted it. This aid to statutory construction is persuasive and has often been followed in Oregon. *See Rosentool v. Bonanza Oil and Mine Corp.,* 221 Or 520, 527, 352 P2d 138, 141 (1960).

The court recognizes the seeming logicality of the proposition that when an exempt corporation leases some of its property to a governmental unit, to be used by the lessee in the broad field of endeavor espoused by the lessor, property exemption ought to be continued, notwithstanding that the lessor has no direct interest and plays no part in the lessee's specific programs. However, we are governed by law. All taxation is based on specific statutes. Or Const, Art IX, § 1. The legislature is the arbiter of classifications for purposes of exemption; *Dutton Lbr. Corp. v. Tax Com.,* 228 Or 525, 365 P2d 867 (1961). Governmental units are not wholly exempt from taxation; *Umatilla Co. v. City of Pendleton,* 9 Or App 55, 495 P2d 287 (1972). Revenue laws are carefully construed to preserve the revenue; *Keyes v. Chambers et al,* 209 Or 640, 307 P2d 498 (1957). When construing a statute, a court is not permitted to take into consideration the desirability, expediency, policy or wisdom of the enactment. *Eastern & Western Lbr. Co. v. Patterson,* 124 Or 112, 258 P 193 (reversed on a different point, on rehearing, 264 P 441) (1928). Courts cannot supplant the legislature, by adding words to cure a possible oversight, affecting the logicality of the tax structure. *Fullerton v. Lamm,* 177 Or 655, 670, 163 P2d 941, 948 (1946).

The court finds that the leasing of the 1957 Addition was useful in different ways to the plaintiff and to the county, and the county's use of the leased property did not substantially contribute to the furtherance of the hospital's goals.

Defendant's Order No. VL 75-544 is affirmed, as prayed for in defendant's answer.