Robert L. ERICKSON
and Annbrit M. Erickson,
*Plaintiffs,*
*and*

ALVORD-TAYLOR, INC.,
*Intervenor-Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant,*
*and*

LANE COUNTY ASSESSOR,
*Intervenor-Defendant.*

(TC 4587)

Douglas S. Chiapuzio, of Harrang, Long, Gary & Rudnick, Portland, filed the motion and argued the cause for Intervenor-Plaintiff and on behalf of Plaintiffs.

Rochelle Nedeau, Assistant Attorney General, Department of Justice, Salem, filed the motion and argued the cause for Defendant.

Marc Kardell, Lane County Assistant County Counsel, Eugene, filed the motion and argued the cause for Intervenor-Defendant.

Order granting Defendant and Intervenor-Defendant's Cross-Motions For Summary Judgment and denying Intervenor-Plaintiff's Motion For Summary Judgment rendered February 11, 2004.

## HENRY C. BREITHAUPT, Judge.

### I. INTRODUCTION

This matter is before the court on motions for summary judgment filed by Intervenor-Plaintiff Alvord-Taylor, Inc. (AT), Defendant Department of Revenue (the department), and Intervenor-Defendant Lane County Assessor (the county). The parties also filed a Statement Of Stipulated Facts.

### II. FACTS

AT is a nonprofit corporation, exempt from income tax, whose property is exempt from taxation under ORS 307.130.[1] In 1989, AT leased certain improved real property from the Ericksons, a portion of which was used in AT's exempt function.[2] AT applied to the county under ORS 307.112 for exemption from property taxation and the exemption was granted. In granting the exemption, the county informed AT that "[i]f ownership and use of all property included in the application filed with the county assessor remains unchanged, a new application will not be required."

In 1989, the Ericksons obtained a loan from the State of Oregon Mental Health Division that was used to improve handicap access to the property. The loan had a term of 15 years and required that the property securing repayment "be exclusively and continuously used as a location in which persons with developmental disabilities reside and receive services."

In 1999, AT entered into a sublease of the property with Oregon Supported Living Program (OSLP) as subtenant. By an addendum to the lease agreement, the Ericksons acquiesced to the sublease. OSLP engages in the same type of

---

[1] Neither party raised the issue of which edition of the Oregon Revised Statutes (ORS) applies. Given that the alleged failure to file a new application for exemption occurred in 1999, the 1999 edition could apply to the case at hand. However, the action by the county to correct the roll, occurred on December 10, 2001, and the 2001 edition could apply. There were no changes of substance relevant to this case as between the 1999 edition and the 2001 edition. Therefore, unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 1999.

[2] AT's application for exemption indicates 78.6 percent of the property was to be used for exempt purposes.

activities as AT and its property is exempt from taxation under ORS 307.130. Neither the department nor the county raised any issue as to whether the sublease complies with the requirement of ORS 307.112 that tax savings be reflected in lower rent to exempt users.

On December 10, 2001, the county notified the Ericksons of a loss of exemption for the property retroactive to the 1999-2000 and 2000-2001 tax years. The county acted pursuant to ORS 311.205 for the stated reason that a clerical error had occurred. The notice further stated that the exemption had been lost when AT subleased the property. Subsequent to the exemption revocation, OSLP filed for and obtained exemption for the 2001-02 tax year.

A timely appeal of the action by the county was made to the Magistrate Division. The magistrate assigned to the case held that the exemption was lost for failure to comply with ORS 307.166, a statute that addresses property owned by an entity whose property is exempt and leased to another such entity. All parties agree that ORS 307.166 does not apply in this matter because the Ericksons are not exempt lessors. Otherwise the parties maintain the positions they advanced at the Magistrate Division. The Ericksons and AT do not raise any procedural objections, but object only to the merits of the disqualification decision.

### III.  ISSUE

Did the sublease of the property by AT cause the exemption under ORS 307.112 to terminate?

### IV.  ANALYSIS

■      Notwithstanding the good things exempt organizations do, their encounters with the property tax system have often been difficult and have produced seemingly harsh results. Sometimes those results arise from an unfortunate misunderstanding by the exempt organization or its staff[3] about whether exemption from federal income tax, the "crown jewel" of exemption, automatically translates into exemption from Oregon property tax. It does not. The specific

---

[3] The court acknowledges that nonprofit budgets do not allow for expert advice on tax matters.

requirements of Oregon law must be satisfied if property is to be exempt from ad valorem taxation, and those requirements are often different from federal exemption provisions.

Further, exemption is rarely automatic. For most property, application must be made for exemption and time requirements are important but easily overlooked. ORS 307.162. Recognizing the harsh results that time limitations can produce, the legislature has provided for relief, albeit limited, from late application for exemption. ORS 307.475.

■ Finally, ownership and use must often be considered separately. Historically, ownership by an exempt entity was insufficient to support exemption where use was made of property by a different entity, even an "exempt" entity.[4] *Albany Gen. Hospital v. Dept. of Rev.*, 6 OTR 446 (1976), *aff'd*, 277 Or 727, 561 P2d 1029 (1977). That limitation in the statutory scheme was relaxed by the adoption of ORS 307.166, a statute that permits use by one exempt entity of property owned by another exempt entity.[5] The important lesson from the *Albany Gen. Hospital* case and the adoption of ORS 307.166 is that exemptions are strictly construed. Generally, taxation is the rule and exemption the exception, available only where it is specifically provided and only in accordance with specified conditions. Sadly for many, including the taxpayer in *Albany Gen. Hospital*, the best of intentions and characteristics of a property's use may not suffice if there is otherwise a gap in the statutory scheme into which the property or its user falls.

In this case, the relevant statutory scheme is found in ORS 307.112, which governs use by "exempt" organizations of property owned by "taxable" owners. If such use is pursuant to a lease and the use is of the type required by law for *the lessee's* property to be exempt, the property may be exempt.

■ There are two points of importance about ORS 307.112. First, the focus is not just on the use of property.

---

[4] Such an entity is described as "exempt" even though technically the real property tax, an *in rem* obligation, is not an obligation of an owner but rather a burden on the property. Strictly speaking, the adjective "exempt" is properly applied to the property, not the owner.

[5] ORS 307.166 had been preceded by a narrower relief statute, ORS 307.164, which was not broad enough to encompass the use in *Albany Gen. Hospital*.

Rather, the statute focuses on the use of the property by a particular lessee, and directs an inquiry be made as to whether that use is the type of use required by the statute that would make property *of the lessee* exempt. Accordingly, use in any exempt fashion or by any exempt user is not enough. Hypothetically, use of property by a church (*see* ORS 307.140) to advance a literary purpose (*see* ORS 307.130) would not be sufficient unless, of course, the church had also qualified for exemption under ORS 307.130. The statute indicates that the lessee's use of the property must be consistent with the basis upon which *the lessee* would or could claim exemption as to property it owned or was purchasing.[6] In that respect, ORS 307.112 parallels ORS 307.166.

■ Second, ORS 307.112 does not, by its terms, provide any exemption for property leased from a taxable owner to an exempt entity and subleased to another exempt entity. That, of course, is the situation presented in this case. The statute does not contemplate a sublease and does not provide for examining any use of the property by a sublessee. The sole focus of ORS 307.112 is on the use of property made by a lessee.

■ In this regard, ORS 307.112 differs from ORS 307.166. ORS 307.166 specifically contemplates that an exempt entity leasing property from an exempt owner may sublease the property to another exempt user. In such cases the evaluation of exempt use is made by reference to the basis for the *sublessee's* exemption claims, not that of the *lessee*. Further, ORS 307.166 also requires that a claim for exemption be filed by the "lessee or entity in possession." In the context of the statute, it is clear that "lessee or entity in possession" refers both to a party in privity with the property owner (*i.e.*, the lessee) and a subtenant or entity using the property by agreement of the prime tenant (*i.e.*, a sublessee). As pointed out by the Magistrate Division Decision in this matter, this court has considered a lease to be a change in use under ORS 307.166 so as to require a new exemption application. *Woman's Convalescent Home v. Dept. of Rev.*, 9 OTR

---

[6] AT points to the provisions of ORS 307.112(4)(b), which provide that exemption under ORS 307.112 continues "so long as the use of the property remains unchanged." AT argues that here the use remained unchanged. Subsection (4)(b) must be read in context with subsection (1) of the statute that makes clear that the use in question is use by a particular tenant and not use in general.

190 (1982). It follows that a sublease would also be a change of use.

■ In this case, therefore, the Ericksons and AT are, in essence, seeking to have certain of the features of ORS 307.166, the sublease provisions, apply in construction of ORS 307.112 even though ORS 307.112 does not, by its terms, apply to sublease situations.[7] However, if the basic idea of permitting a sublease is borrowed from ORS 307.166 in the constructions of ORS 307.112, it would not be appropriate to leave behind the exemption filing and change of use requirements applicable to subleases under ORS 307.166. ORS 307.112 itself contains language parallel to that of ORS 307.166 on change of use. Further, the filing requirements that fulfill a purpose in ORS 307.166 can and should fulfill the same purpose in ORS 307.112. As stated above, in ORS 307.166, in the case of a sublease, the focus on the nature of the use of the property shifts from the basis for exemption of the lessee to the basis for exemption of the sublessee. So, for example, property leased by a church and subleased to another exempt entity must be used in furtherance of the sublessee's exempt purpose and not in furtherance of the sublessor's exempt function. Qualification for exemption is measured against the use proposed by the sublessee and not the use that the lessee reported to the county as the proposed use.

That feature of ORS 307.166 is not surprising, but it does make even more logical the requirement that, if ORS 307.166 principles are used to construe ORS 307.112, the sublessee must apply to the county and provide information about *itself* and *its* proposed use of the property. Absent such an application, the county would only have information on use by the lessee—information the relevance of which is bypassed under the spirit of ORS 307.166 when a sublease occurs.

■ Because ORS 307.112 parallels the provisions of ORS 307.166 that focus on the use by the lessee of the property, the court concludes that any argument or analysis that

---

[7] Neither the department nor the county have objected to the idea that property subleased, if covered by a new application, can be within ORS 307.112.

seeks to import the sublease coverage of ORS 307.166 into ORS 307.112 must also import the sublessee filing requirement of ORS 307.166 into ORS 307.112.

Although taxpayers did not raise this argument, it is true that OSLP could be viewed as a lessee under ORS 307.112. OSLP could be viewed as a lessee from AT even though it is not a lessee from the Ericksons. There are two problems with such an analysis. First, the legislature, in ORS 307.166 and elsewhere,[8] appears to have known how to distinguish between a lease and a sublease. That distinction would have to be ignored if OSLP were to be considered a lessee under ORS 307.112.

Secondly, if OSLP is considered a lessee for purposes of the operative provisions in ORS 307.112(1), it must also be considered a lessee for purposes of ORS 307.112(2). Under that subsection, to obtain exemption, "[t]he lessee shall file a claim for exemption with the county assessor." In this case, OSLP concededly never filed a claim for exemption for the period in question.

■ The Ericksons and AT repeatedly observe that in fact in this case there has been no substantive violation of the statutory scheme because OSLP is an exempt organization using the property just as AT did.[9] The problem with that argument is that the property tax exemption statutes require both proper use and pre-exemption application, so that the appropriate tax authority can confirm matters. The statutes do not contemplate *ex post facto* determinations as to whether, even without application for exemption, exempt use actually occurred.[10]

---

[8] *See, e.g.*, ORS 90.100(17), which in defining a landlord clearly distinguishes between a lessor and a sublessor.

[9] It is not clear that the use is exactly the same. AT permitted some nonexempt use. It is not clear if OSLP permitted any or the same amount of nonexempt use. Different ratios of exempt use would result in different amounts of property becoming subject to taxation.

[10] Nor do the statutes place reliance on commitments that an owner or user of property may make to other parties. Therefore, although it argues otherwise, AT may not rely on or urge that the county be required to rely upon the covenants contained in the mortgage agreements of the Ericksons, which required continued use of the property for exempt uses. Assessors must police the exemption process. The statutes do not deputize third parties to perform that function.

■ The reasons for that approach are not stated but undoubtedly are based on the fact that the process of assessment and taxation is an annual cycle with tax rates determined, at least in part, on the basis of the amount of taxable property in a jurisdiction. That means tax officials need to know, in advance, as much as possible about what property is or is not taxable. In any case, the statutory pattern of application and advance approval is clear for the exemption claimed here. When that pattern is combined with the statutory focus in ORS 307.112 on the characteristics and use by the lessee, the court concludes that the positions of the department and the county are well taken. Exemption for this property was lost when a sublease occurred and no application for exemption was submitted by the sublessee.[11]

Additionally, AT argues that the taxing authorities are estopped from taking the action they did. AT has not, however, alleged that it, in fact, relied on the communications from the county on which it bases its estoppel claim. That claim is rejected.

AT also asserts that ORS 311.206 bars omitted property assessments where there is a failure by the assessor to timely disqualify exempt property. That statute only applies, however, where the property owner has timely notified the assessor of a change in use of the property to a nonexempt use. Here, the uncontested facts show that the assessor acted promptly after being advised of the problematic sublease. ORS 311.206(2)(b) does not apply in such situations.

## V. CONCLUSION

The county's Cross-Motion For Summary Judgment and the department's Cross-Motion For Summary Judgment are granted and AT's Motion For Summary Judgment is denied. Now, therefore,

---

[11] The department and county also rely on the department's rule that requires a new claim be filed when there is a "new lease * * * extension of current lease * * * or any modification to the existing lease." OAR 150-307.112(1). AT argues that the rule is overbroad because "any modification" could mean loss of exemption even where only technical changes occur. Without addressing that point, the court is of the view that a sublease is in any event a modification within that rule.

IT IS ORDERED that Intervenor-Defendant's Cross-Motion For Summary Judgment is granted, and

IT IS FURTHER ORDERED that Defendant's Cross-Motion For Summary Judgment is granted, and

IT IS FURTHER ORDERED that Intervenor-Plaintiff's Motion For Summary Judgment is denied. Costs to neither party.