DECISION
Plaintiff appeals Defendant's Notice of Disqualification, dated February 25, 2009, for tax years 2005-06 through 2008-09.
A trial was held at the Oregon Tax Court on November 20, 2009. Paul L. Smull, trustee, represented Plaintiff. Nancy K. Smull testified as a witness. Douglas Schmidt, Polk County Assessor, appeared on behalf of Defendant.
Defendant's Exhibits A-H were offered and received without objection. The record closed on November 20, 2009.
Plaintiff initially disputed both the disqualification of the subject property from special assessment and the imposition of additional taxes pursuant to ORS 311.205. (Ptf's Compl at 2). However, at trial, Plaintiff's representative conceded that the subject property no longer qualifies for farm use special assessment. Thus, the sole issue for the court is whether Defendant's assessment of additional taxes on the subject property for tax years 2005-06 through 2008-09 was proper pursuant to ORS 311.205.[1] *Page 2 
 I. STATEMENT OF FACTS
The subject property is located in Polk County, near Rickreall, and is identified as Account 348894. In 2005, Plaintiff applied for and was granted approval to build a non-farm single family dwelling on the subject property by the Polk County Community Development Department (Community Development). (Def's Ex A at 1, 2.) Approval of Plaintiff's application was subject to several conditions, one of which expressly stated that "[t]he subject property shall be disqualified from special assessment for farm use pursuant to ORS 215.23[6].[2] * * * The property owner shall contact the Polk County Tax Assessors office and complete applicable disqualification procedures prior to the release of building permits." (Id. at 1). Plaintiff did not contact the Defendant as was mandated. Nor did Community Development notify Defendant of its actions.
In early January 2009, Defendant discovered the mistake. On January 28, 2009, Defendant sent a letter to Plaintiff notifying it that a correction to the assessment roll was being made for tax years 2005-06 through 2008-09 due to the fact that the property had not been removed in 2005 from farm use special assessment for the non-farm dwelling placed on the property. (Def's Ex B at 1).
 II. ISSUE
Whether Defendant's assessment of additional taxes for tax years 2005-06 through 2008-09 was proper under ORS 311.205. *Page 3 
 III. ANALYSIS
Plaintiff bears the burden of proving that Defendant's assessment of additional taxes under ORS 311.205 was improper. See ORS 305.427. Plaintiff has provided no evidence indicating that the assessment was made contrary to ORS 311.205. Plaintiff alleges that it should not have to pay additional taxes on the subject property because Community Development issued final permits to Plaintiff, giving it the impression that Community Development had notified Defendant that the subject property should be disqualified for farm use special assessment.
Plaintiff had a duty to ensure that Defendant had been notified that the subject property was no longer being used as farmland and to request disqualification of the subject property prior to the issuance of final building permits. ORS 215.236(4). Plaintiff did not notify Defendant. Consequently, Defendant did not discover that the subject property did not qualify for farm use special assessment until 2009, at which point Defendant provided Plaintiff with the statutorily-required notice that the subject property was disqualified and assessed additional taxes for tax years 2005-06 through 2008-09.
Defendant assessed additional taxes pursuant to ORS 311.205, which addresses in what situations corrections may be made to the tax roll:
 "(1) After the assessor certifies the assessment and tax roll to the tax collector, the officer in charge of the roll may correct errors or omissions in the roll to conform to the facts, as follows:
 "(a) The officer may correct a clerical error. A clerical error is an error on the roll which either arises from an error in the ad valorem tax records of the assessor, * * * or which is a failure to correctly reflect the ad valorem tax records of the assessor, * * * and which, had it been discovered by the assessor * * * prior to the certification of the assessment and tax roll of the year of assessment would have been corrected as a matter of course, and the information necessary to make the correction is contained in such records. Such errors include, but are not limited to, arithmetic and copying errors, and the omission or misstatement of a land, improvement or other property value on the roll." *Page 4 
 "(b) The officer may correct an error in valuation judgment at any time in any account when an appeal has been filed in the tax court alleging that the value on the roll is incorrect, if the correction results in a reduction of the tax owed on the account. * * * Errors in valuation judgment are those where the assessor * * * would arrive at a different opinion of value. The officer may correct any other error or omission of any kind. Corrections that are not corrections of valuation judgment errors include, but are not limited to, the elimination of an assessment to one taxpayer of property belonging to another on the assessment date, the correction of a tax limit calculation, the correction of a value changed on appeal, or the correction of an error in the assessed value of property resulting from an error in the identification of a unit of property, but not an error in a notice filed under ORS 310.060."
Thus, the assessor may correct clerical errors and errors or omissions of any other kind. Subject to an exception that is not relevant here, the assessor may not correct errors in valuation judgment.
Although ORS 311.205 does not specifically discuss corrections due to a failure to remove special assessment status from a property, case law, the relevant administrative rule, and the general rule concerning taxation all suggest that such a correction is within the purview of the statute as an allowable correction.
A. Case law.
In Mark v. Dept. of Rev. (Mark), 14 OTR 467, 475 (1998), the court held that the assessment of additional taxes resulting from disqualification of a property from special assessment is a correction allowed by ORS311.205. In Mark, the subject property had been disqualified from farm use special assessment after a conditional use permit was granted. Id. at 468-469. The county assessor subsequently assessed additional taxes on the property and the taxpayer challenged that assessment. Id. at 469. Specifically, the taxpayer contended that "the additional taxes are not subject to correction as a clerical error; [rather], disqualification involves a change in valuation judgment and ORS 311.205 may not be used to correct a change in valuation judgment." Id. at 475. The court, however, disagreed and held that "[t]he action of *Page 5 
placing the additional taxes on the roll does not require the exercise of any valuation judgment and is correctable * * * under ORS 311.205." Id.[3]
As in Mark, the correction involved here resulted from disqualification of the subject property from special assessment. Thus, under Mark, the assessment of additional taxes in this case may properly be treated as an allowable correction under ORS 311.205.
B. Administrative Rule.
OAR 150-311.205(1)(b)-(C) lends further support to the conclusion that the assessment of additional taxes for disqualification of a property from special assessment is an error which is correctable under ORS 311.205. OAR 150-311.205(1)(b)-(C) provides several examples of scenarios which fall within the definition of an "error or omission on the roll of any kind" under ORS 311.205(1)(b), including the following:
"(h) The use of the wrong property classification.
 Example 5: The assessor has assessed farm property at market value on the belief that the zoning was not Exclusive Farm Use. Later the assessor discovers the land was in an Exclusive Farm Use Zone and should have been assessed at its farm use value. Because the records of the assessor failed to reflect the proper status of the property, this is not correctable as a clerical error. Because a correction can be made without the use of appraisal judgment, this is not a case of valuation judgment under ORS 311.205(1)(b) and is correctable as an error or omission on the roll of another kind."
Although not completely analogous, the facts presented here bear several similarities to those in Example (h)5 of OAR 150-311.205(1)(b)-(C). First, as in Example (h)5, the correction involved here resulted from an error concerning whether the subject property qualified for farm use special assessment. Second, neither correction involved the use of "appraisal judgment." *Page 6 
Thus, Defendant's assessment of additional taxes for disqualification of the subject property was appropriate under ORS 311.205(1)(b) as a correction of an error "of any kind."
C. The general rule concerning taxation.
"Generally, taxation is the rule and exemption the exception, available only where it is specifically provided and only in accordance with specified conditions." Erickson v. Dept. of Rev., 17 OTR 324, 328 (2004). Although this case does not involve an exemption per se, it does involve a special assessment, which is similar in that it operates as an exception to the general rule of taxation. It is in the nature of a partial exemption. Farm use special assessment is an exception to taxation based on real market value that was created by the Legislative Assembly to protect bona fide farm properties in Oregon. ORS 308A.050. Thus, as with exemption, special assessment is available only where a property meets the specified conditions. When a property no longer meets the specified conditions for farm use special assessment, it must be disqualified and taxed based on the real market value. ORS 308A.113.[4]
Here, the subject property ceased to qualify on its merits for farm use special assessment in 2005 when Plaintiff obtained a permit to build a non-farm dwelling on the property. Accordingly, the property was required to be disqualified from farm use special assessment at this time.
D. Estoppel.
Plaintiff argues that it should not have to pay additional taxes on the subject property because Community Development issued final permits to Plaintiff, giving it the impression that Community Development had notified Defendant that the subject property should be disqualified *Page 7 
for farm use special assessment. Although Plaintiff does not identify a particular legal basis for that argument, the claim implicates equitable estoppel. Estoppel requires the taxpayer to prove three elements: "(1) misleading conduct on the part of the defendant(s); (2) taxpayer's good faith reliance on that conduct; and (3) injury to taxpayer." Hoyt StreetProperties LLC v. Dept. of Rev., 18 OTR 313, 318 (2005) (citations omitted).
Plaintiff here has not satisfied the first element of estoppel. The first element requires misleading conduct on the part of the defendant. Here, the alleged misleading conduct (issuance of final building permits despite non-compliance by Plaintiff with one of the conditions) occurred on the part of Community Development rather than Defendant. "[T]he law is clear that the acts of one agency * * * cannot estop another agency."Patton I v. Dept. of Rev., 18 OTR 111, 121 (2004) (citations omitted). Thus, the actions of Community Development cannot form the basis for a successful claim of estoppel against Defendant.
 IV. CONCLUSION
The assessment of additional taxes for disqualification of the subject property from special assessment is an error that is correctable under ORS311.205. There is no evidence that Defendant erred in correcting the roll under ORS 311.205. Finally, the facts presented do not support a claim of equitable estoppel against Defendant. Now, therefore *Page 8 
IT IS THE DECISION OF THIS COURT that Defendant's assessment of additional taxes under ORS 311.205 for tax years 2005-06 through 2008-09 is upheld.
Dated this day of January 2010.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S Mattson on January 8,2010. The Court filed and entered this document on January 8, 2010.
[1] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 2007.
[2] Condition 4 cited ORS 215.235. However, Defendant established that this was a typographical error which should have read ORS 215.236. (See
Def's Ex's A at 9, D at 1, F) The decision elsewhere refers to ORS 215.236; ORS 215.235 does not now exist, nor did it exist in 2005; and the Polk County Community Development Director acknowledged that the citation to ORS 215.235 in the decision was a typographical error.
[3] The court in Mark stated that the error was correctable "as a clerical error." Mark, 14 OTR at 475. However, it did not specifically cite ORS 311.205(1)(a); rather, it stated that the error was correctable under ORS 311.205. Id. Thus, it appears that the court used the term "clerical error" as shorthand for "an error that does not involve valuation judgment and which is therefore correctable under ORS 311.205," rather than in the technical sense of the term specifically under ORS311.205(1)(a).
[4] ORS 308A.113(1) states that "[l]and within an exclusive farm use zone shall be disqualified from special assessment under ORS 308A.062
by: * * * (c) Establishing a nonfarm dwelling on the land under ORS215.236." (Emphasis added.)