IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

SHANGRI-LA,                                )
                                           )
            Plaintiff,                     )       TC-MD 170284G
                                           )
     v.                                    )
                                           )
LINCOLN COUNTY ASSESSOR,                   )
                                           )
            Defendant.                     )       **FINAL DECISION**[1]

Plaintiff's Complaint was filed on August 25, 2017, requesting that property identified as

Account R439418 (subject property) be exempt from taxation under ORS 307.112 for the 2014–

15 tax year.[2] The parties appeared at a case management conference on October 16, 2017, and

declined the opportunity for trial or additional briefing beyond what was contained in the

pleadings. Plaintiff was represented by Sebrina Gridley, Director of IT & Property Management,

and Defendant was represented by C.J. Hurtt, Appraiser.

Plaintiff describes itself as "a non-profit that provides support to individuals with

disabilities and disadvantages in several counties." (Compl at 3.) According to the tax account

summary provided with the Complaint, taxes were paid on the subject property every year from

1997, the first year on the summary, through 2015. (*Id.* at 13.) In June 2016, Plaintiff applied

for—and was subsequently granted—a tax exemption for the subject property for tax year

2016–17. (*See id.* at 4.) Plaintiff did not file an exemption application for the 2014–15 tax year.

Plaintiff explained its failure to file a claim for 2014–15 as follows.

/ / /

_____

[1] This Final Decision incorporates without change the court's Decision, entered October 19, 2017. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

"We were not aware that the Application for Real and Personal Property Tax Exemption for the tax year 2014–15 had not been filed on behalf of our Lessor, Michael Wilson. Within our organization we have a Property Manager who is responsible for filing these forms on behalf of the property owners. Through recent changes in personnel the issue regarding the property tax exemption status of this account was just brought to my attention. We take full responsibility for the failure to file the necessary forms for this property."

(*Id.* at 3.) An application for exemption in the 2014–15 tax year was attached to Plaintiff's Complaint, but Plaintiff stated that it had not filed that application with Defendant. In its Complaint, Plaintiff asked the court to grant the exemption application because paying the tax "would be a hardship that will take away valuable funds from the programs and individuals we provide services to." (*Id.*)

At the case management conference, Defendant stated that, although it had not received a 2014–15 exemption application, if Defendant had received one it would have denied it because Plaintiff did not meet the requirements for a late claim.

Plaintiff requests that the court grant its exemption claim. However, the granting of exemption claims is the purview of the county assessor, an official of the executive branch of state government. *See, e.g.,* ORS 307.112(3) (authorizing assessors to require lease information before granting exemptions). The court is located within the judicial branch, and as such is barred from exercising any function of another branch without express authority in the Constitution. Or Const Art III, § 1; ORS 305.405. The court's role is to resolve issues of law and fact that arise when there is a dispute between two or more parties.

The dispute in the present case concerns the subject property's taxability. Defendant assessed tax against the subject property for the 2014–15 tax year. Plaintiff asserts the subject property should be tax exempt. To resolve the dispute, the court looks to the statutory requirements for tax exemption under ORS 307.112. ORS 307.112(2) requires that "the lessee

* * * file a claim for exemption with the county assessor[.]" ORS 307.112(2). "[T]he property tax exemption statutes require both proper use and pre-exemption application so that the appropriate tax authority can confirm matters." *Erickson v. Dept. of Rev.*, 17 OTR 324 at 331–32 (2004) (concluding exemption under ORS 307.112 "was lost when a sublease occurred and no application for exemption was submitted by the sublessee").[3] Once an exemption is granted to a lessee under ORS 307.112, it continues for the duration of the lease so long as the use of the property does not change. ORS 307.112(5)(a).

In the present case, Plaintiff did not file a claim for exemption with Defendant for the year at issue or for any preceding year. While the circumstances that gave rise to that oversight are regrettable, the court finds that the subject property did not meet the statutory requirements for exemption during the year at issue. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ____ day of November, 2017

POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Lundgren and entered on November 7, 2017.*

---

[3] Amendments made subsequent to the *Erickson* decision allow claims for exemption extending back up to five years before the current year for "a claimant that demonstrates good and sufficient cause for failing to file a timely claim, is a first-time filer or is a public entity." ORS 307.162(2)(b)(A); 307.112(4)(a)(B). Those amendments do not change the requirement that an exemption claim be filed with the county assessor.