IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

ST. VINCENT DE PAUL SOCIETY OF      )
LANE COUNTY, INC.,                  )
                                    )
                Plaintiff,          )       TC-MD 180048G
                                    )
        v.                          )
                                    )
LANE COUNTY ASSESSOR,               )
                                    )
                Defendant.          )       **FINAL DECISION**[1]

Plaintiff (taxpayer) applied to this court to have its low-income housing project specially

assessed for tax year 2017–18 and did not apply to Defendant (the county). A case management

conference was held at which the parties agreed to the pertinent facts and waived further briefing

or proceedings. The county subsequently filed an Amended Answer clarifying that it opposed

granting taxpayer its requested relief.

## I. STATEMENT OF FACTS

The relevant facts are undisputed. The subject is a 24-unit low-income housing project in

Eugene known as "Mac McDonald."[2] The City of Eugene exempted the subject from property

tax for a 20-year period beginning in 1997–98 pursuant to ORS 307.515 to 307.523 (the low-

income rental housing exemption statutes).[3] That exemption expired after 2016–17, and the

county assessed taxes against the subject for 2017–18.

---

[1] This Final Decision incorporates without change the court's Decision, entered April 19, 2018. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

[2] The subject is composed of the following 12 adjoining property accounts: 1533882, 1534005, 1533999, 1533981, 1533973, 1533965, 1533957, 1533940, 1533932, 1533916, 1533908, and 1533870.

[3] The numbering of the low-income rental housing exemption statutes has not changed since 1995. Elsewhere, the court's references to the Oregon Revised Statutes (ORS) are to 2015.

Due to staff turnover at taxpayer's office, the subject's 2017–18 tax statement came as a surprise. Upon receiving the statement, taxpayer applied to the county for a property tax exemption under ORS 307.130. Relying on section 1, chapter 7, Oregon Laws 2014, the county rejected that application and returned taxpayer's late filing fee check because the subject's previous exemption had not been granted by the county pursuant to ORS 307.130. The county representative's e-mail referred taxpayer to the authorizing language adopted by the City of Eugene when it granted the original exemption.

Taxpayer immediately contacted the City of Eugene and reapplied for exemption under the low-income rental housing exemption statutes before the deadline of December 1, 2017. On January 22, 2018, the city council approved taxpayer's exemption application for another 20 years, beginning 2018–19.

Learning from the city council's resolution that the subject would remain taxable in 2017–18, taxpayer spoke with the county about electing to have the subject specially assessed for one year under ORS 308.701 to 308.724 (the government-restricted multiunit rental housing special assessment statutes). The county informed taxpayer that it had missed the deadline to apply for special assessment, that its application would be denied if it did apply, and that it could appeal for relief to this court. Taxpayer did not apply to the county for special assessment.

Taxpayer now asks the court to "allow the Multi-Unit Rental Housing (Low Income Housing) Special Assessment."

## II. ANALYSIS

The issue is whether the subject meets the requirements for receiving government-restricted multiunit rental housing special assessment under ORS 308.701 to 308.724.

The special assessment in question is available to "multiunit rental housing" that is

"subject to a government restriction on use[.]" ORS 308.707(1). Special assessment of such property is not required; owners who seek to have their property specially assessed must apply in writing. ORS 308.704; 308.709(1). Such applications "must be filed with the county assessor" by April 1 preceding the first tax year for which special assessment is sought, although if a late filing fee is paid they may be filed as late as December 31 of the first tax year. ORS 308.709(2),(3). Thereafter, "[t]he county assessor shall review the application," approve it if warranted, and give the applicant written notice of its determination. ORS 308.709(6),(7).

Taxpayers generally may appeal to this court from the "act, omission, order or determination" of a taxing authority, and specifically from a "determination of the county assessor" regarding an application for government-restricted multiunit housing special assessment. ORS 305.275(1)(a); 308.709(8). However, where the legislature has made filing an application a condition for relief from property taxation, this court cannot set that requirement aside. *Woman's Convalescent Home v. Dept. of Rev.*, 9 OTR 190, 194–95 (1982) (holding charitable organization disqualified from tax exemption where it failed to comply with statutory use and application requirements). This court does not determine a property's qualification for tax relief *ex post facto* where a statutorily required application was not filed. *Erickson v. Dept. of Rev.*, 17 OTR 324, 331 (2004) (holding property not qualified for exemption where lessee failed to file statutorily required application).

In the present case, taxpayer never applied to the county for special assessment of the subject. The county made no written determination and it is unclear precisely what act or omission has been appealed.

Although the county did not receive an application, it advised taxpayer that its application for special assessment would be denied if it were filed. It is not clear whether taxpayer attributes

its failure to qualify for special assessment to advice it received from the county. If so, taxpayer's claim would be for estoppel. "To succeed on a claim of estoppel, taxpayer must establish: '(1) misleading conduct, (2) good faith reliance on that conduct, and (3) injury to the party claiming estoppel.' " *Society of St. Vincent DePaul v. Dept. of Rev.*, 14 Or Tax 47, 50 (1996) (quoting *Sayles v. Dept. of Rev.*, 13 OTR 324, 328 (1995)).

Here, the county's advice does not appear to have been misleading, but, even if it was, taxpayer has not shown injury because the advice was given after the city council's exemption resolution of January 22, 2018. Because the first tax year for which special assessment was sought was 2017–18, the late filing deadline fell on December 31, 2017. *See* ORS 308.709(3). Because that date fell on a Sunday, the deadline was extended until January 2, 2018, the next business day. *See* ORS 305.820(2). Thus, advice received on or after January 22, 2018, could not have had an impact on taxpayer's failure to apply by the late-filing deadline.

Taxpayer might have been injured if the county had given misleading advice in November 2017, when the county denied taxpayer's application for exemption under ORS 307.130. However, nothing in the county's e-mail or in the statements of the parties suggests that special assessment was contemplated by either party in 2017. Taxpayer has not shown that the subject's tax assessment at non-specially assessed value is due to advice received from the county in either 2017 or 2018.

Taxpayer requested that the court find "good and sufficient cause" to grant the special assessment application attached to its Complaint. In some instances, the tax statutes permit relief to taxpayers who show "good and sufficient cause" for missing a statutory deadline. *See*, *e.g.*, ORS 305.288(3) (failure to pursue right of appeal); ORS 307.162(2) (failure to timely file exemption claim with county assessor); ORS 307.475 (failure to timely apply for exemption,

cancellation, or change in assessment date).  However, taxpayer did not identify any statute pertaining to special assessment—as opposed to tax exemption—that authorizes the court to grant relief for good and sufficient cause.[4]

Taxpayer has not alleged that any act, omission, or determination of the county reflected an error in law or fact for this court to resolve.  Instead, taxpayer asks the court to grant an application not filed with the county.  Because ORS 308.709 requires application to the county assessor, taxpayer's request is beyond this court's power to grant.

## III.  CONCLUSION

Taxpayer did not meet the application requirements of ORS 308.709 for special assessment of the subject in 2017–18.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's Complaint is denied.

Dated this ____ day of May, 2018.


POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of the Final Decision or this Final Decision cannot be changed.  TCR-MD 19 B.*

*This document was signed by Magistrate Lundgren and entered on May 8, 2018.*

---

[4] At the case management conference, taxpayer's representative stated she had learned the phrase "good and sufficient cause" from an e-mail sent by the county.  The county's representative stated the e-mail in question had referenced ORS 305.288(3).  ORS 305.288(3) is inapplicable here because the county did not object to the timeliness of taxpayer's Complaint.