IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

RREF III-P FREMONT PLACE LLC,    )
          )
    Plaintiff,     )    TC-MD 230356R
          )
    v.      )
          )
MULTNOMAH COUNTY ASSESSOR,    )    **ORDER GRANTING DEFENDANT'S**
          )    **MOTION FOR PARTIAL SUMMARY**
    Defendant.    )    **JUDGMENT**

This matter is before the court on Defendant's Motion for Partial Summary Judgment (Motion), filed September 28, 2023. Plaintiff filed its Complaint on July 19, 2023, appealing an omitted property assessment notice for tax account number R699148 (subject property), dated June 15, 2023, for the 2021-22 and 2022-23 tax years.

## I. STATEMENT OF FACTS

The facts recited here are based on Plaintiff's Complaint, Defendant's Answer, the Declaration of Veronica Clevidence in Support of Defendant's Motion for Partial Summary Judgment (Decl), and Plaintiff's Response to Defendant's Motion for Partial Summary Judgment.

The subject property is an office building located at 1750 Northwest Naito Parkway, Portland, Oregon 97209. In 2010, Legacy Health (Legacy), as a tenant in the subject property, applied for, and received, a property tax exemption from Defendant for a percentage of its occupancy within the building. Legacy's lease expired in 2015, and a new property tax exemption was granted based on an updated lease expiring in 2021. On January 19, 2021, Legacy applied for, and was granted, a property tax exemption under a lease set to expire November 30, 2022. (Decl at Ex 2.)

On December 27, 2022, Defendant mailed Legacy a notice of lease expiration, reminding the party to file a new exemption and explicitly stating: "If you are no longer leasing this property or will not be renewing the lease, please notify our office of when this change has or will occur." (Decl at Ex 3.) Responding to this communication on April 10, 2023, Suzanne Taylor, Director of Tax, Payroll & Accounts Payable for Legacy, informed Defendant via email that its leased space in the subject property had been vacated by March 31, 2021. Taylor explained that although there was an initial intention to sublease, the pandemic disrupted those plans, and Legacy fulfilled its surrender obligations by November 20, 2022. (Decl at Ex 4 at 3.)

As a consequence, Defendant determined that the portion of the subject property leased by Legacy was not being utilized for an exempt use and revoked the exemption for the 2021-22 and 2022-23 tax years. (Decl at 3.)

## II. ISSUE

Did the subject property's tax exemption terminate, pursuant to ORS 307.112,[1] when the tenant vacated the subject property and only continued to maintain a possessory interest?

## III. ANALYSIS

A. *Standard for Summary Judgment*

The standard for summary judgment is provided by Tax Court Rule (TCR) 47 C,[2] which states in pertinent part:

> "The court will grant the motion if the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law. No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to the 2019 edition.

[2] TCR 47 is made applicable by Tax Court Rule – Magistrate Division (TCR-MD) 13 B, which provides "[t]the court may apply TCR 47 to motions for summary judgment, to the extent relevant."

the subject of the motion for summary judgment. The adverse party has the burden of producing evidence on any issue raised in the motions as to which the adverse party would have the burden of persuasion at trial."

The parties dispute whether there are genuine issues of material fact regarding the eligibility of the subject property for a property tax exemption under ORS 307.112. Defendant argues that Legacy's statement of vacating the property is sufficient to demonstrate non-exempt use, justifying termination of the exemption. Plaintiff contends that, as Legacy maintained possession and continued lease payments, a factual dispute exists regarding the type of use, warranting denial of summary judgment.

B. *Charitable Property Tax Exemption*

ORS 307.130(2) provides that, "property owned or being purchased by art museums, volunteer fire departments, or incorporated literary, benevolent, charitable and scientific institutions shall be exempt from taxation." However, this exemption applies only to the real or personal property, or a proportion thereof, that is "actually and exclusively occupied or used in the literary, benevolent, charitable or scientific work carried on by such institutions." ORS 307.130(2)(a). Under ORS 307.112, which governs leases by an "exempt" entity for property owned by non-exempt owners, the property must be used for an exempt purpose and the tax savings must "inure solely to the benefit of the exempt entity." ORS 307.112(1)(a),(b). Exemptions are "strictly construed" with taxation as the rule and exemption, the exception. *Erickson v. Dept. of Rev.*, 17 OTR 324, 328 (2004).

Under ORS 307.162(7), an owner of property exempt from taxation has an obligation to report changes in the use of the exempt property. The statute mandates that

> "[i]f an institution, organization or person owns property that is exempt from taxation under a provision of law listed in subsection (1) of this section and changes the use of the property to a use that would not entitle the property to exemption from taxation, the institution or organization must notify the county

assessor of the change to a taxable use within 30 days."

ORS 307.162(7). While Plaintiff did not timely comply with this statute, its tenant, Legacy, eventually informed Defendant of the change in the subject property's use as of March 31, 2021. ORS 311.410(4) delineates the timing for when a change of exemption status will trigger the resumption of taxation:

> "Real or personal property is taxable for the ensuing tax year if the property is transferred or changed at any time before July 1 of any year from an exempt ownership to a taxable ownership or taxable use. Transfer of real or personal property from a tax-exempt use to a taxable use at any time between January 1 and June 30 of any year constitutes notice to the transferee, owner or person in control of the property that the property will be subject to taxation for the ensuing tax year. In the case of real property, the transferee, owner or person in control of the property shall advise the county assessor of the transfer."

Due to the potential change in the use of the subject property before June 30, 2021, there exists the possibility of full taxation of the subject property for the ensuing tax year.

In this case, Defendant has demonstrated that no genuine issue of material fact exists to refute the evidence presented that Legacy's exempt use of the property ended when it "vacated" the subject property on March 31, 2021. Plaintiff's claim that Legacy's employees retained access does not address the property's use. Plaintiff would bear the burden of persuasion at trial to establish an exempt use of the subject property. Under TCR 47 C, Plaintiff maintains that burden on a motion for summary judgment. Apart from a mere allegation, Plaintiff has not demonstrated any material fact regarding its tenant's exempt use of the property after March 31, 2021. As such, Defendant's Motion requesting that its revocation of the exemption be upheld must be granted.

/ / /

/ / /

/ / /

Plaintiff's assertion that its tenant had possession of the subject property alone, without demonstrating an exempt use, is insufficient to maintain a property tax exemption under ORS 307.112.  Now, therefore,

IT IS ORDERED that Defendant's Motion for Partial Summary Judgment on the issue of the revocation of the exemption for account R699148 for the 2021-22 and 2022-23 tax years is granted.  The court will set further proceedings to ascertain and resolve the remaining issues on appeal.  Notices will issue separately.

_____

***This interim order may not be appealed.  Any claim of error in regard to this order should be raised in an appeal of the magistrate's final written decision when all issues have been resolved.  ORS 305.501***