# IN THE OREGON TAX COURT

### C. R. SHEFFIELD,
Assessor & Tax Collector of Multnomah County and
Multnomah County

*v.*

### DEPARTMENT OF REVENUE
(TC 2610)

Paul G. Mackey, Assistant County Counsel, Multnomah County, Portland, represented plaintiffs.

Joseph A. Laronge, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered April 27, 1988.

**CARL N. BYERS, Judge.**

Plaintiffs appealed defendant's action in voiding omitted property assessment for tax years 1982-83 through 1985-86 against county tax account No. R-50350-0280. The issue has been submitted to the Tax Court on stipulated facts and legal briefs.

The facts show that the subject land was owned by a contractor in 1980 and assessed as vacant land. During that year, the owner moved a house onto the land. The improved property was sold in 1981 on contract. The sale was duly recorded but the property continued to be assessed as vacant land.

The buyer defaulted on the contract and the seller repossessed the property. The seller then sold the property to Mr. and Mrs. Romero in November 1985. As is customary and prudent on the purchase of real property, the Romeros employed a title company to search the title. This search showed no liens against the property on the purchase date and title insurance was issued. On January 11, 1986, the Romeros received a notice of intent to assess for the omitted valuation of the improvements for 1982-83 through 1985-86. "This was Romero's first knowledge that the improvements had not been assessed during prior years."

■ ORS 311.405(5) provides that:

"Taxes on real and personal property omitted from an assessment or tax roll * * * and [later] added to such roll * * * shall be a lien on such property * * *. However, no taxes shall become a lien on real or personal property * * * where the property was transferred to a bona fide purchaser after the assessment date for such prior calendar year * * *."

■ ORS 311.220 states:

"No real property taxes imposed on real property purchased by a bona fide purchaser shall be a lien on the real property unless at the time of purchase the taxes were a matter of public record."

Therefore, the issue for determination is whether the Romeros were bona fide purchasers (BFPs). It has been held that no equity is stronger than that of a purchaser who has put himself in peril by purchasing a title for a valuable consideration without notice of any defect in it. *Boone v. Chiles,* 35 US 177, 9 L ED 388 (1836).

Plaintiffs allege that the Romeros were not BFPs because, when a title company, as their agent, performed its title search and the tax roll showed the lack of assessment for improvements, this should have prompted further inquiry.

Plaintiffs allege that failing to do so exhibited a lack of ordinary prudence and want of good faith.

■      It has been determined that:

> " 'Whatever is sufficient to put a subsequent purchaser on inquiry must be considered legal notice to him of those rights, and when the purchaser omits to observe that ordinary precaution, he must be charged with a knowledge of all facts he might have learned by the exercise of reasonable diligence * * *.' " *Murray v. Wiley,* 169 Or 381, 405, 127 P2d 112, 129 P2d 66 (1942).

Did the title company, as the Romeros' agent, fail to exercise reasonable diligence in its title search?

It is stipulated that the Romeros had no knowledge of when the property first became improved with a dwelling. Even if they, through their agent, had noticed that prior assessments were for land only, they could have believed that the improvements had been recently constructed or moved onto the property. A purchaser is not required to be a Sherlock Holmes in order to be "bona fide."

■      Plaintiffs had far more opportunity to discover the improvement and assess it than the buyer or the title company had to discover its omission. It is very likely that a permit was granted when the improvement was moved on the property in 1980. It is stipulated that when the subject property was sold in 1981, the contract was duly recorded. The statutes anticipate that the assessing authorities will examine such recordings for information. ORS 93.260. It was not until the property was sold and recorded a second time that plaintiffs discovered the omission.

Under the circumstances, the court finds that the title company was not required to investigate why the prior assessments showed land only and therefore the BFP status of the Romeros is not impugned. At the time of the Romeros' purchase, taxes on the improvement were not a matter of public record. As BFPs, the Romeros are protected by ORS 311.220. Therefore, the defendant's Opinion and Order No. 86-0965 is affirmed and Multnomah County's tax officials are hereby ordered to strike the disputed omitted property assessment from the tax roll.

Costs awarded to defendant.