David K. KLIEWER Trust
and Jean D. Kliewer Trust,
each with an individual one-half interest
as tenants in common,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant,*

*and*

LINCOLN COUNTY ASSESSOR,
*Defendant.*

(TC 4432)

Trial was held March 2, 2000, in the courtroom of the Oregon Tax Court, Salem.

David K. Kliewer argued the cause and filed a brief for Plaintiffs (taxpayers).

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, filed an Answer but did not argue the cause for Defendant Department of Revenue.

Rob Bovette, Assistant County Counsel, Lincoln County, filed an answer and argued the cause for Defendant (county).

Decision for Defendants rendered April 14, 2000.

### CARL N. BYERS, Judge.

Plaintiffs (taxpayers) seek a refund of "additional" property taxes they paid. The additional taxes arose when the assessor removed the forestland designation from taxpayers' property. Taxpayers claim that the process used to collect the additional taxes and the amount of the assessment are in error. Although both the Defendant Department of Revenue and Lincoln County (the county) filed answers, only the county defended at the trial.[1]

## FACTS

On December 17, 1976, taxpayer Jean D. Kliewer purchased 120 acres of forestland in Lincoln County, identified by the assessor as AP#14-10-700, Account No. R36469. The property was improved with a single-family dwelling built around 1900 and a small farm shed. The dwelling was a rustic cabin that had no electricity or telephone and used a hillside spring as a source of water. The tenants who occupied the dwelling paid taxpayers $50 a month rent. These tenants also served as caretakers to guard against fire, vandalism, and timber theft. The residence was "abandoned" in 1994 and has not been used since that time.

---

[1] Taxpayers' Complaint named both the Department of Revenue and Lincoln County as Defendants. ORS 305.501(5)(b) and (c) make the department the party Defendant when the taxpayer appeals a property tax case. Apparently, the legislature anticipated that the county would intervene if it wanted to participate in the case. Because Lincoln County could intervene as a matter of right and it filed an answer as a named Defendant, the court accepts it as a party and will require no further pleadings.

The property is located in a timber-conservation zone, which is intended to promote forestland use. A single-dwelling unit is permitted on parcels of 80 acres or more. The subject land is in the heart of the Siuslaw National Forest and is accessed by a single forest-service road. When taxpayers purchased the property, they continued its designation as forestland. Taxpayers have used the property for forestland purposes by planting and harvesting trees.

On August 1, 1997, taxpayers sold the subject property to the U.S. Department of Agriculture. Because it had been designated forestland and was being sold to an exempt owner, additional property taxes became due. The title company obtained an estimate of those taxes from the assessor and charged taxpayers $5,064.57. Taxpayers first learned of that at the closing of escrow. Initially they objected, but to have the sale close, they agreed to have the $5,064.57 withheld. The money was then sent to the tax collector. Taxpayers eventually appealed to the Oregon Tax Court on October 27, 1997.

Trial was held in the Magistrate Division. On April 14, 1998, the magistrate decided that because the forestland designation had still *not* been removed as of that date, the $5,064.57 had to be refunded to taxpayers. No appeal was taken from this Decision by either party, therefore Judgment was entered on June 19, 1998.

On June 22, 1998, the county prepared a journal voucher to refund the $5,064.57. The next day, June 23, 1998, the assessor prepared and delivered a notice of disqualification, informing taxpayers that the forestland designation had been removed. The assessor immediately applied the journal voucher to the amount due and therefore made no refund to taxpayers. On August 12, 1998, the assessor recalculated the additional property taxes due and sent taxpayers a check for $148.60. On September 21, 1998, taxpayers again appealed to the Oregon Tax Court. On August 11, 1999, the presiding magistrate rendered a Decision denying taxpayers' claim for a refund. Taxpayers then appealed to the Regular Division.

## ISSUE

Are taxpayers entitled to a refund of the additional property taxes paid?

## ANALYSIS

Due to the specialized nature of the administrative proceeding, the court will first discuss how the statutory scheme operates before applying it to the facts in this case.

The legislature long ago determined that, as a matter of public policy, the state should encourage and protect forestlands. The state views timber as a long-term crop, which is best taxed at the time of harvest. ORS 321.259 through ORS 321.262.[2] Accordingly, timber is exempted from ad valorem taxation. ORS 321.272(1)(a). In a similar manner, forestland, exclusive of the timber, is valued by class on a schedule that produces a specially assessed value that is usually much less than real market value. ORS 321.353.

■ Forestland is defined as land "held or used for the predominant purpose of growing and harvesting trees of a marketable species." ORS 321.257(3). There are two kinds of forestland: (1) designated forestland, and (2) land, the highest and best use of which is growing and harvesting trees. ORS 321.257(3). This statutory distinction means that while some land may be used as forestland, its highest and best use may be another or additional use. The highest and best use of any particular parcel depends upon what is allowed by the zoning or land use laws as well as by the characteristics of the property.

An owner must make written application to have land designated as forestland. ORS 321.358. Designated forestland is specially assessed at less than its real market value. In recognition of this special benefit, the legislature required that it be kept in forestland use. Notation is made on the roll that if the land is ever removed from forestland use, there may be potential additional property taxes due. ORS 321.362. Additional property taxes are imposed based on the difference between the taxes due as a result of special assessment and the taxes that would have been due if the property had not been specially assessed. ORS 321.372.

Designation as forestland may be removed for one of several reasons. In this case, the land was sold to an

---

[2] All references to the Oregon Revised Statutes are to 1997.

ownership exempt from ad valorem property taxation. ORS 321.359(1)(b)(B). Inasmuch as the removal process is part of the dispute in this case, the court will consider it in some detail.

■ Removal, just as designation, is accomplished by the assessor physically making changes to the assessment records. Forestland designation is "removed" by changing the assessment records so that they no longer indicate that the property is qualified for special assessment. Until these changes are made to the records, the forestland designation is not "removed" from the property. *See Meeks v. Dept. of Rev.,* 7 OTR 113 (1977) (removal of special farm-use assessment).

Upon making the changes to the records, removing forestland designation, the assessor has 30 days to give the taxpayer written notice of the removal. ORS 321.359(1)(c). The notice must specify the reasons for the removal. If the taxpayer does not agree with the reasons or the action, the taxpayer can appeal to the Oregon Tax Court. ORS 321.359(2).

■ ORS 321.359(1)(b)(B) directs the county assessor to remove the forestland designation upon "[s]ale or transfer to an ownership making it exempt from ad valorem property taxation." Under this language, the sale or transfer must occur before the assessor can remove the designation. As a practical matter, the assessor must wait until the sale closes and title transfers. That creates a timing problem because ORS 321.372(2) provides:

> "When the designation of forestland is removed as a result of a sale or transfer described in ORS 321.359(1)(b)(B) [to owner exempt from ad valorem taxation], the lien of such increased taxes described in subsection (1) of this section shall attach as of the date *preceding* such sale or transfer." (Emphasis added.)

When property is removed from forestland designation, any additional property taxes are "added to the tax extended with respect to such property on the *next* tax roll." ORS 321.372(1) (emphasis added). If property is sold in August, any additional taxes will become due the following November 15. However, if the lien attaches prior to the date of transfer, in effect, it attaches before it is even created.

Although the notation on the tax roll is notice to the world that there is a potential tax lien, the amount is not known until the next tax roll is prepared. As a matter of practice, it appears that title companies usually hold an estimated amount in escrow until the additional taxes are extended on the roll. The legislature recognized that the taxpayer may want to pay earlier and has expressly provided in ORS 321.372(3):

> "The amount determined to be due pursuant to subsection (1) of this section *may* be paid to the tax collector prior to completion of the next general property tax roll, pursuant to ORS 311.370."[3] (Emphasis added.)

Now to the specific facts of this case. Taxpayers filed an appeal with the Magistrate Division of the Oregon Tax Court, claiming a refund because the assessor had not removed the forestland designation after the sale closed. After conducting a trial, the magistrate held that the money must be refunded "until such time as the designation is removed, notice is given, and the property is added to the tax roll." *Kliewer v. Lincoln County Assessor*, OTC-MD No. 970443 (June 23, 1998). Because that Decision was not appealed, a final Judgment was issued.

Although the assessor prepared a journal voucher to refund the $5,064.57, he immediately applied it to pay the estimated amount of additional taxes. Taxpayer again appealed to the Magistrate Division of the court. In their second appeal, taxpayers claimed error because the notice of removal was given more than 30 days after the sale of the property. Taxpayers also claimed that no additional taxes were due because the highest and best use of the property was forestland. The magistrate held that the notice is not required by the sale of the property but by removal of the designation. Accordingly, the notice was not late. The magistrate declined to reexamine the issue of highest and best use because that issue was resolved in the prior magistrate's Decision. Taxpayers then appealed to the Regular Division.

---

[3] ORS 311.370 provides procedures or methods for payment and collection of taxes, but does not specifically address the problem of paying additional taxes early.

■　　Taxpayers make three arguments in support of their position. First, they maintain that the notice of removal was defective because it was given more than 30 days after the sale. However, taxpayers are missing a step. The statute first requires the assessor to remove the forestland designation, then issue the notice. While removal is a mandatory provision, and could be compelled by mandamus, the assessor's failure to act immediately does not either eliminate the need for action or prevent later action. Certainly, the legislature recognized that an assessor may not learn of a sale immediately or, due to limited staff and resources, may not be able to act immediately. Nothing in the statutes indicates that any delay in removing the designation invalidates the notice.

The magistrate correctly held that removal of the designation begins the 30-day notice period. In this appeal, neither party introduced any evidence as to when the assessor physically changed the records and removed the designation. Accordingly, the court will presume that the assessor did it on June 23, 1998, the date the notice of disqualification was issued. Therefore, the notice was timely.

Taxpayers second argument is: "Since the authority for placement of the lien derives from the removal of the forestland designation, the lien was thus declared illegal and must be refunded." Taxpayers are partly correct. Until the designation is removed, no additional taxes are due. Therefore, the money collected in escrow should not have been paid to the county assessor without taxpayers' consent. The assessor attempted to correct the situation by giving notice of removal on June 23, 1998. However, the amount was still not yet due or collectable. The additional taxes would not become due until they were added to the "next" property tax roll. Under ORS 321.372(1), the additional taxes should have become due on November 15, 1998, the date the taxes were due for the 1998-99 tax year. As noted, ORS 321.372(3) made the additional property taxes that were due and payable November 15 a lien on the property as of the day prior to the sale, which was July 31.

■　　That lien could be voluntarily satisfied by taxpayers any time after July 31, 1997, or enforced by the assessor any

time after November 15, 1998. In short, the lien was not illegal, just late in arising.

The court is faced with a practical problem. Due to the delay in removing the forestland designation, the additional taxes were improperly collected prior to November 15, 1998. However, by the time this matter came before the court, that date had passed. The taxes would now be past due if they had not already been paid. Therefore, if the court orders a refund, the county would simply have to collect the amount again. Because this would incur a meaningless expenditure of public funds, no refund shall be made.

Taxpayers complain that they were kept in the dark by the assessor and that no explanation was given as to why the refund was not made as ordered by the magistrate in the first *Kliewer* case. The assessor submitted no evidence explaining the failure to perform those duties. That is regrettable. If the assessor had promptly removed the designation, gave notice, and communicated with taxpayers, three separate Tax Court trials with all of the attendant expenditures of time and money by taxpayers and the county might have been avoided.

Taxpayers' final argument is that there should be no additional taxes because the highest and best use of the subject property was forestland. They maintain that if the highest and best use of the land is forestland, then there would be no difference in value and no additional taxes due. In essence, taxpayers are challenging their own forestland designation. If the highest and best use of the property was forestland, it never should have been designated forestland in the first place.

The court finds that the preponderance of the evidence shows that the highest and best use of the subject property is *not* forestland. Although the land is excellent for growing trees and is ideally suited for such, it is zoned for a residential site as well. As a rural residential site with forestland use, the total parcel would have a higher economic value than just for forestland use alone. Taxpayers' own appraisal witness, the person whose appraisal set the sale price, testified that the highest and best use of the property was as a rural residential home site *and* forestland.

Although ORS 321.372 provides for additional taxes based on the differences in value, the real market values used by the assessor must be quite low. For the 1997-98 tax year, the assessed value of taxpayers' 119 acres of specially assessed forestland was $15,820, the home site was $8,320 and the improvements $4,650, for a total assessed value of $28,790. Taxpayers paid property taxes of $390.10, which reflects a tax rate of 1.3550 percent. Taxpayers sold the property to the U.S. Forest Service for $555,000. If the sale price of $555,000 was the real market value for that year, the difference between real market value and the assessed value would have been $526,210. If this amount is multiplied by 1.3550 percent, the result is $7,130.15. Since the additional taxes assessed by the assessor for all five years was only $4,953.40, as opposed to $7,130.15 for one year, the real market values used by the assessor must have been substantially less than the sale price.

In summary, the court finds taxpayers are not entitled to a refund of the additional property taxes paid on removal of the forestland designation. Judgment will be entered consistent with this Opinion. Costs to neither party.