I. INTRODUCTION
This matter is before the court on what the court will treat as cross-motions for summary judgment. Plaintiff (department) appeals from a Decision of the Magistrate Division as to an omitted property assessment made by Clackamas County (the county). The property owner is Defendant (taxpayer). The case presents a question as to the limitations on omitted property assessments in cases where an addition to the property is made, a purchase of the property is made by a bona fide purchaser, and, more than five years later, the assessor adds the addition to the real property tax rolls.
 II. FACTS
Both parties stipulated to the following facts for the purposes of this proceeding. Taxpayer purchased the property at issue in this appeal, a single-family residence in Milwaukie, Oregon, on February 28, 2001. Prior to the 2001 purchase by taxpayer, a 290-foot addition (the addition) was added to the property in 1998. The City of Milwaukie inspected and approved the addition on March 30, 1998. As of the date of purchase by taxpayer, the county had neither added value of the addition to the roll nor assessed any additional property tax for the addition. Further, as of the date of *Page 555 
purchase by taxpayer, no property taxes or related tax liens for the addition were a matter of public record.
During a reappraisal of the neighborhood in August 2007, the county discovered the omission. On May 5, 2008, the county issued its Omitted Property Notice for the property of taxpayer, indicating its intent to add additional value and additional tax for the tax years of 2002-03 through 2007-08. In June 2008, the county corrected the tax rolls for the property of taxpayer for the tax years of 2002-03 through 2007-08, scheduling the additional tax for addition to the 2008-09 tax bill. Taxpayer filed an appeal of the action of the county to the Magistrate Division of this court on August 26, 2008. The Magistrate Division ruled in favor of taxpayer. The department appealed the Decision of the Magistrate Division.
 III. ISSUE
The issue in this case is whether the omitted property assessment made in tax year 2007-08 may include amounts due for that year and the preceding five years where the taxpayer did not make the addition in question, purchased the property without notice of any property tax liability for such addition, and did not know of the omitted property status of the addition until the time of omitted property assessments made by the county.
 IV. ANALYSIS
The problem of omitted property assessments and related tax liens is the subject of two statutes and one prior decision of this court. The statutes are ORS 311.235 and ORS 311.405(7) and the decision is Sheffield v. Dept. of Rev., 11 OTR 37
(1988).[1] ORS 311.235 provides:
 "No ad valorem taxes imposed on real property, a manufactured structure or a floating home purchased by a bona fide purchaser shall be a lien on the real property, manufactured structure or floating home unless at the time of purchase the taxes were a matter of public record. For the purposes of this section, if the tax roll has not been prepared for *Page 556 
the tax year in which the purchase occurred, taxes levied or to be levied for the tax year of purchase are taxes which are a matter of public record. A bona fide purchaser is an individual purchaser of a fee simple interest in a single property, who acquires the property in good faith, in an arm's-length transaction and for fair market value and adequate consideration."
ORS 311.405(7) provides:
 "Taxes on real and personal property omitted from an assessment or tax roll prepared as of the assessment date of a prior calendar or tax year and added to such roll pursuant to ORS 311.216 to 311.232, shall be a lien on such property from and including the date the addition or correction is made on such roll. Where the omitted property consists of any building, structure or improvement which has been severed or removed from the land, the taxes on such property also shall be a lien against the land. Where the property omitted is personal property, the taxes also shall be a lien on any and all of the taxable personal property of the person assessed from such date of addition or correction. However, no taxes shall become a lien on real or personal property under this subsection where the property was transferred to a bona fide purchaser as defined in ORS 311.235 after the assessment date for such prior tax year and prior to the lien date provided for hereunder."
1,2. Analysis of these and related statutes indicates that in cases where property is omitted and the assessor takes action under ORS 311.216 through 311.235, the assessor is deemed to have assessed, and taxes are deemed to have been imposed in the tax year or years as to which the property was omitted. ORS 311.226. Thus, the rolls for each of the years open to omitted property action are considered corrected. However, the "back" taxes are not added to the rolls until the year following the current tax year, and it is from that year that delinquency is determined. ORS 311.229.
3-5. All ad valorem property taxes lawfully imposed on property are liens on such property, and omitted assessments are specifically covered by this rule. See ORS 311.405(1). Under the first sentence of ORS 311.405(7), the lien for such omitted property taxes is from and including the date the addition is made to the rolls. As provided in ORS 311.229, the *Page 557 
taxes become due in the year following the year of the assessor's omitted property action. It follows that the lien date for the omitted property assessments in this case occurred in June 2008. The date of deemed assessment determined under ORS 311.226 is a date in the 2002-03 tax year and each subsequent year included in the assessment.
6. With these dates determined, it is possible to apply the last sentence of ORS 311.405(7) that bars certain taxes from becoming a lien on property. Such barred taxes are those for aprior year where:
 (1) The property was transferred to a bona fide purchaser after the assessment date for such prior year; and
 (2) Such transfer occurred before the lien date provided for under ORS 311.405(7), that is, the date "the addition or correction" was made.
See ORS 311.405(7) (emphasis added).
Under the stipulated facts of this case, the first date described above is the assessment date for each of the prior years included in the omitted property assessment. See
ORS 311.226. The earliest of those years is 2002-03 and the assessment date for that year was January 1, 2002. Id.
The lien date was in June 2008.
7. The application of these rules produces the following result. Although the transfer to the taxpayer, a bona fide purchaser, [2] occurred before the lien date for the taxes on omitted property, the property was not transferred to taxpayer after the assessment date for the earliest of the years — that is, after January 1, 2002. Accordingly, ORS 311.405(7) does not bar the lien asserted in this case. The effect of the statutory rule is that no lien can exist for years prior to the transfer to the bona fide purchaser.
8-10. That result is not inconsistent with the provisions of ORS 311.235. That statute provides that taxes cannot be, or support, a lien unless the taxes were, as shown on the public record, due and owing at the time a bona fide purchaser *Page 558 
bought the property. See ORS 311.235. That rule can, logically, only apply, as a general matter, to taxes from periods prior to the purchase. This is because taxes for periods following the purchase, as a general rule, have not been levied and, as of the time of purchase, cannot be a lien. The one special case that makes the foregoing observations "general" is the case of taxes for the year of purchase that have not been levied and made of record at the time of a purchase. As to such taxes, ORS 311.235 provides a "deemed recorded" rule. But that "deemed recording" of yet to be levied taxes applies only for the year of the purchase transaction. The lien in this case, for years following the year of purchase, is not covered by the provisions of ORS 311.235.[3]
The decision of this court in Sheffield is not to the contrary. In that case the omitted property assessment and related lien was only for periods prior to the purchase of the property by a bona fide purchaser. See Sheffield,11 OTR at 37-38. That decision, fully consistent with ORS 311.235 and ORS 311.405(7) simply has no application to this case because the county does not seek to collect tax for any period prior to the purchase of the property by the taxpayer.
 V. CONCLUSION
Now, therefore,
IT IS ORDERED that the motion of Plaintiff is granted and the cross-motion of Defendant is denied. Costs to neither party.
[1] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to the 2007 edition.
[2] The department does not question the status of taxpayer as a bona fide purchaser.
[3] This analysis of ORS 311.235 is consistent with its legislative history. A1971 amendment to ORS 311.235 (formerly ORS 311.220) made the statute consistent with the language of ORS 311.405(7) (formerly ORS 311.405(5)) and served to clarify the protection from tax liability afforded to a bona fide purchaser prior to the year of purchase. See
Minutes, Senate Committee on Taxation, February 15, 1971, 1 (statement of Don Seymour, Justice Department with the Department of Revenue); See also Minutes, House Committee on Revenue, May 7, 1971, 2 (statement of Don Seymour, Justice Department with the Department of Revenue). The explanations of the amendment spoke to years prior to purchase and not to years after purchase. See id. *Page 559