IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

JAMES C. CONRAD                          )
and FABIENNE CEREFICE-CONRAD,            )
                                         )
            Plaintiffs,                  )        TC-MD 160053C
                                         )
       v.                                )
                                         )
CLACKAMAS COUNTY ASSESSOR,               )
                                         )
            Defendant.                   )        **FINAL DECISION**

Magistrate Dan Robinson wrote and signed the Decision in this matter, entered August

22, 2016.  This Final Decision incorporates that Decision without change.  The court did not

receive a statement of costs and disbursements within 14 days after its Decision was entered.

*See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

Plaintiffs appeal from an omitted property assessment issued by Defendant on

November 17, 2015, which added property for the 2013-14, 2014-15, and 2015-16 tax years.

(Compl at 1-2.)  That assessment involved Plaintiffs' personal residence, identified in the

assessor's records as Account 05004293.  (*Id.*)

The court held a case management hearing by telephone on April 6, 2016.  James Conrad

(Conrad) appeared for Plaintiffs.  Jon Bonnet (Bonnet) appeared for Defendant.  After some

discussion, Conrad advised the court that Plaintiffs were not challenging either the additional real

market values added by Defendant by the omitted property assessment for the years at issue as

reflected in the Omitted Property Notice or the total real market values reflected in Defendant's

Answer.  Plaintiffs' sole concern involves the question of whether they are entitled under the law

to have their real property taxes prorated for the 2013-14 tax year so that they do not pay taxes

for the approximately three months they did not own the home for that tax year.  Both parties

agreed that was the sole issue and asked that the court decide the question based on applicable law. In answering that question, the court finds it appropriate, if not necessary, to address the statutory framework governing omitted property assessments because those statutes potentially provide for broader relief than Plaintiffs have requested.

## I. STATEMENT OF FACTS

The parties agree to the following facts. Plaintiffs purchased the subject property near the end of September 2013 for $420,000. The Statutory Warranty Deed for the purchase of the subject property was signed on September 24, 2013 and recorded on September 27, 2013.[1] The roll value for the 2013-14 tax year was certified on October 8, 2013.[2] The subject property was remodeled prior to Plaintiffs' purchase. The parties are not certain when the remodel took place but Conrad at some point spoke with neighbors who told him that the remodel took place before 2005 and was done by the person or persons who previously owned the home and sold it to the individual from whom Plaintiffs bought the property.

On November 17, 2015, approximately two years after their purchase, Defendant sent Plaintiffs an Omitted Property Notice informing Plaintiffs of Defendant's intent to add additional real market value to the subject property for three consecutive tax years beginning with the 2013-14 tax year. (Compl at 2.) That notice identifies the omitted property as "remodel and basement finish." (*Id*.) The value Defendant proposed to add for the 2013-14 tax year – which is the year under scrutiny in this case – was $47,444, and the additional tax due for that year was $716.06. (*Id*.) That value and tax, along with the values and taxes for the other two years, were

---

[1] Defendant sent a copy of the deed to the court at the request of the magistrate. It was not marked as an exhibit. The deed reflects the same information Bonnet gave to the court orally during the April 6, 2016, proceeding.

[2] That information comes from a letter to the court dated August 4, 2016, based on a written request from the court in a letter dated July 25, 2016. The date of roll certification for the 2013-14 tax year had not been previously identified and is necessary for application of the relevant statutes.

added to the assessment and tax rolls on or about December 7, 2015, and the additional tax was "extended to the 2016-2017 tax year." (*Id.*) Plaintiffs ask that the taxes for the 2013-14 tax year be prorated based on the number of months they and the seller owned the property, relieving Plaintiffs of approximately three months of taxes for the 2013-14 tax year.

## II.  ANALYSIS

ORS 311.216[3] through ORS 311.232 provide a legal mechanism by which the assessor is required to add to the assessment and tax rolls any real or personal property that "has from any cause been omitted, in whole or in part, from assessment and taxation." ORS 311.216(1). The assessor can add such property to the rolls "for any year or years not exceeding five years prior to the last certified roll." *Id.* ORS 311.219(1) requires the assessor to give notice "to the person claiming to own the property or occupying it or in possession thereof of the assessor's intention to add the property to the assessment or tax roll under ORS 311.216 to ORS 311.232 and to assess the property in such person's name." If the assessor determines, after the opportunity for the taxpayer to appear at a show cause hearing, that the assessment should be made, "the assessor shall proceed to correct the assessment or tax roll or rolls from which the property was omitted [and] * * * add the property to the tax roll or rolls, with the proper valuation, and extend [the taxes] on the tax roll or rolls * * * for each year as to which it was omitted." ORS 311.223(1).

Under ORS 311.226, "[o]mitted property shall be deemed assessed and any tax on it shall be deemed imposed in the year or years as to which the property was omitted." In other words, the taxes are considered imposed in the year or years the property was omitted, notwithstanding that the property values and taxes are not added until a year or more later. However, the additional (back) taxes are "added to the tax extended against the property * * * for the tax year

---

[3] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

following the current tax year." ORS 311.229(1). Finally, under ORS 311.405(1), taxes added to the rolls as omitted property are a lien on the property. "Such taxes include * * * ad valorem property taxes on real or personal property added to an assessment or tax roll pursuant to ORS 311.216 to 311.232," the omitted property statutes. ORS 311.405(1).

The focus in this case is on the 2013-14 tax year, because that is the year for which relief has been requested. The 2013-14 tax year was a 12-month fiscal year that began on July 1, 2013. ORS 308.007.

Plaintiffs are not challenging the additional real market values Defendant added to the rolls, or the total real market values set forth in Defendant's Answer. What Plaintiffs are asking is for the court to "[r]emove all liability for taxes assessed for the time that [they] did not own the property." (Compl at 1.) Specifically, Plaintiffs seek to be relieved of any tax liability for the period beginning July 1, 2013 (the beginning of the 2013-14 tax year) until the legal date of their acquisition of the subject property on September 27, 2013.

As this court noted in *Dept. of Rev. v. Healy (Healy)*, 19 OTR 553, 555 (2009), there are two statutes that govern omitted property assessments and related tax liens where a subsequent purchaser seeks relief from the taxes. The statutes are ORS 311.235 and ORS 311.405(7). (*Id.*)

Under ORS 311.235, taxes imposed on real property owned by a bona fide purchaser are not a lien unless they were a matter of public record at the time of the purchase. If the taxes are not a lien, the taxpayer is not liable for the taxes. That statute provides:

> "No ad valorem taxes imposed on real property, a manufactured structure or a floating home purchased by a bona fide purchaser shall be a lien on the real property, manufactured structure or floating home *unless at the time of purchase the taxes were a matter of public record*. For the purposes of this section, *if the tax roll has not been prepared for the tax year in which the purchase occurred*, *taxes levied or to be levied* for the tax year of purchase are taxes which *are a matter of public record*. A *bona fide purchaser* is an individual purchaser of a fee

simple interest in a single property, who acquires the property in good faith, in an arm's-length transaction and for fair market value and adequate consideration."

ORS 311.235 (emphasis added).

Applying ORS 311.235 to the facts of this case, Plaintiffs were bona fide purchasers as that term as defined in the last sentence of the statute because there is nothing the record to suggest Plaintiffs were not "individual purchaser[s] of a fee simple interest in a single property, who acquire[d] the property in good faith, in an arm's-length transaction and for fair market value and adequate consideration."  ORS 311.235.

However, under the first sentence of the statute, the taxes imposed on the property of a bona fide purchaser are nonetheless a lien on property "if at the *time of purchase* the taxes were a *matter of public record*."  ORS 311.235 (emphasis added).  The second sentence of ORS 311.235 clarifies when "the taxes were a matter of public record."  That sentence provides that "if the tax roll has not been prepared for the tax year in which the purchase occurred, *taxes levied or to be levied for the tax year of purchase* are taxes which are a matter of public record."  (*Id.*) (emphasis added).  The court in *Healy* referred to that provision as "a 'deemed recorded' rule."  *Healy*, 19 OTR at 558.  The court understands the word "prepared" in that sentence to mean the date the tax roll is "certified."  Plaintiffs' purchase occurred on September 27, 2013, and Defendant certified the tax roll on October 8, 2013.  The import of the quoted language from the second sentence of ORS 311.235 is that taxes levied or to be levied for the tax year of purchase, which for the purposes of this case was the 2013-14 tax year, are deemed to have been a matter of public record at the time of Plaintiffs' purchase.  That includes the $716.06 in taxes for the 2013-14 tax year that were added two years later (December 2015) as omitted property.  That being the case, those added taxes are a lien on Plaintiffs' property and Defendant's omitted

/ / /

property assessment for that tax year was appropriate; Plaintiffs are liable for the taxes for tax year 2013-14.

Although this conclusion may seem odd, it is fully consistent with the overarching principle of the bona fide purchaser statute (ORS 311.235). That principle is that bona fide purchasers are generally only protected from paying taxes for years prior to the year they purchased the property. *See Healy*, 19 OTR at 558, n 3 (noting that "[a] 1971 amendment to ORS 311.235 * * * made the statute consistent with the language of ORS 311.405(7) * * * and served to clarify the protection from tax liability afforded to a bona fide purchaser *prior* to the year of purchase). (Emphasis in original.) The exception to the general rule is found in the last sentence of ORS 311.405(7), discussed later in this Decision.

ORS 311.405(7) provides:

"Taxes on real and personal property omitted from an assessment or tax roll prepared as of the assessment date of a prior calendar or tax year and added to such roll pursuant to ORS 311.216 to 311.232, shall be a lien on such property from and including the date the addition or correction is made on such roll. Where the omitted property consists of any building, structure or improvement which has been severed or removed from the land, the taxes on such property also shall be a lien against the land. Where the property omitted is personal property, the taxes also shall be a lien on any and all of the taxable personal property of the person assessed from such date of addition or correction. However, no taxes shall become a lien on real or personal property under this subsection where the property was transferred to a bona fide purchaser as defined in ORS 311.235 after the date the roll was certified in such prior tax year and prior to the lien date provided for hereunder."

Although the court in *Healy* noted that "[u]nder the first sentence of [that statute], the lien for such omitted property taxes is from and including the date the addition is made to the rolls," which in this case would be December 2015, "[t]he date of deemed assessment determined under ORS 311.226 is a date in [each of the] tax year[s] * * * included in the [omitted property] assessment." *Healy*, 19 OTR at 556-557. As applied to this case, the date of deemed assessment

is a date in the 2013-14 tax year. (*See id*. at 557.) Accordingly, the taxes are a lien on the property under ORS 311.405(7), the lien statute, just as they are under ORS 311.235, the bona fide purchaser statute.

With that said, there is one final provision in ORS 311.405(7) that bears discussion. The last sentence of ORS 311.405(7) bars taxes added as part of an omitted property assessment from becoming a lien on property in certain limited circumstances. If Plaintiffs satisfy the requirements of that barring provision, they would not owe the taxes for the entire 2013-14 tax year. As the court noted in *Healy*, "[s]uch barred taxes are those for a *prior* year where [two requirements are met]." *Healy,* 19 OTR at 557 (emphasis in original). Under the current wording of the statute, which was amended slightly after the *Healy* decision, the two requirements are that "the property was transferred to a bona fide purchaser as defined in ORS 311.235 [1] after the date the roll was certified in such prior tax year and [2] prior to the lien date provided for [under ORS 311.405(7)]."[4] Those requirements do not bar the lien in this case because the property was not transferred to Plaintiffs "after the date the roll was certified," which is the first of the two requirements in the last sentence of ORS 311.405(7). Plaintiffs acquired the property on September 27, 2013, and the roll was certified approximately two weeks later, on October 8, 2013.

Finally, although the court has determined that Plaintiffs are liable for the taxes added as part of the 2015 omitted property assessment, Plaintiffs' requested relief is a proration of the taxes for the 2013-14 tax year for the three months prior to when they acquired the property.

---

[4] *Healy* was decided based on the 2007 version of ORS 311.405(7). *Healy*, 19 OTR at 555, n 1. The first requirement under the 2007 version of that statute was that the property be transferred "after the *assessment date* for such prior tax year." That statute was amended in 2011 to change the first requirement to property transferred "after the date the roll was *certified* in such prior tax year." Or Laws 2011, ch 113, § 1. In practical terms, the statutory amendment has no effect on the outcome of this case, because Plaintiffs here, as in *Healy*, do not satisfy the first of the two requirements. *Healy*, 19 OTR at 557.

Unfortunately for Plaintiffs, there is no statutory provision allowing such relief. The court is aware of only one statute that provides for proration of taxes to individual taxpayers. ORS 308.425(1) provides for the proration of taxes where property is "destroyed or damaged by fire or act of God" upon application by the owner to the tax collector. That statute is not applicable here. It also shows that the legislature knows how to provide for tax proration, something it has not done in the case of omitted property assessments.

### III. CONCLUSION

The court concludes that Plaintiffs are liable for the taxes Defendant assessed as omitted property for the 2013-14 tax year because, although they were bona fide purchasers, the taxes were a matter of public record at the time of Plaintiffs' purchase pursuant to the second sentence of ORS 311.235, as explained above and were, under that statute, a lien on Plaintiffs' property for the 2013-14 tax year (as well as the two subsequent tax years included in the omitted property assessment). The taxes were also a lien under ORS 311.405(7). Accordingly, the taxes for the entire 2013-14 tax year are a lien on their property. Furthermore, there is no provision in the law for the proration of taxes where a taxpayer purchases a property part way into the tax year, which is the relief Plaintiffs sought from the court. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs are liable for the taxes on Account 05004293 that Defendant assessed as omitted property for the 2013-14 tax year and the court cannot order a proration of the taxes for the approximately three months in the beginning of the 2013-14 tax year that Plaintiffs did not own the property because there is no statutory provision allowing such relief.

/ / /

/ / /

IT IS FURTHER DECIDED that Plaintiffs are liable for the taxes assessed for the 2014-15 and 2015-16 tax years because they purchased the property after the assessment dates for those tax years.

Dated this ____ day of September 2016.

_____
POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.  TCR-MD 19 B.*

*This document was filed and entered on September 13, 2016.*