IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| BENTON HABITAT FOR HUMANITY, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 170335G |
| | ) | |
| v. | ) | |
| | ) | |
| BENTON COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION**[1] |

On cross-motions for summary judgment, this case concerns whether the additional tax required by ORS 308A.703 after disqualification from special assessment may be placed on the tax roll even where the property is exempt from taxation under ORS 307.130(2)(a) in the current tax year. Plaintiff (taxpayer) appeals the placement by Defendant (the county) of additional tax on the 2017–18 tax roll for property identified as Account 385848 (subject or subject property).

I. STATEMENT OF FACTS

The relevant facts are undisputed. Taxpayer is a nonprofit corporation with a charitable purpose "to acquire real property, develop it, build homes on it, then sell it to low-income families at below-market prices." (Stip Facts, ¶ 1.) The subject property was given to taxpayer in 2005, at which time it was covered with trees and specially assessed as Western Oregon designated forestland. (*Id*., ¶¶ 2–3; *see* ¶ 4.)

In 2010, taxpayer clear-cut the trees on the subject property. (Stip Facts, ¶ 4.) Although taxpayer did not replant trees, the subject remained in special assessment for the next six years, from 2011–12 to 2016–17. (*Id*., ¶ 4–5.) Each year, the subject's property tax statement was

---

[1] This Final Decision incorporates without change the court's Decision, entered August 20, 2018. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

annotated "Potential Additional Tax," and each year, taxpayer paid the subject's property taxes as computed pursuant its specially assessed value. (*Id.*, ¶ 6.)

On September 15, 2016, our Supreme Court decided the unrelated case of *Habitat for Humanity of the Mid-Willamette Valley v. Department of Revenue*, 360 Or 257, 381 P3d 809 (2016). The court held that vacant lots may qualify for tax exemption under ORS 307.130(2)(a) when they are owned by a charity with a primary charitable purpose "to acquire vacant lots and to build housing on those lots for sale to low-income families at below market prices." *Habitat for Humanity*, 360 Or at 266–67. Subsequently, taxpayer in the present case applied for and received exemption for the subject property for the 2017–18 tax year under ORS 307.130(2). (Stip Facts, ¶¶ 7–8.)

"At the same time as the granting of the exemption, and pursuant to ORS 321.359(1)(b)(C), the County removed the forest land designation based upon the discovery by the Assessor that the land is no longer forest land." (Stip Facts, ¶ 9.) Pursuant to ORS 308A.703, the county calculated additional tax liability of $18,525.37, added it to the subject's 2017–18 tax statement, and sent notice to taxpayer. (*Id.*, ¶¶ 10–11.)

Taxpayer requests removal of the additional tax liability because the subject is exempt. The county asks that its assessment be upheld.

## II. ANALYSIS

The issue is whether the additional tax due upon disqualification from special assessment under ORS 308A.703 may be assessed against property that is exempt from taxation under ORS 307.130(2)(a).[2]

/ / /

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

A.    *Additional Tax upon Disqualification from Special Assessment*

Certain classes of property benefit from special assessment, meaning their value for tax purposes is determined without evaluating their "highest and best use"—that is, the use that would result in the property's highest real market value. *See* ORS 308.232; OAR 150-308-0240(1)(e). A property's highest and best use is not always its current use—for example, farmland adjacent to a city might produce more income by being developed into housing. In such a case, valuing the property at its highest and best use—as is normally done—would encourage conversion of the farmland to another use. *See* ORS 308A.050. Special assessment mitigates those market dynamics by valuing farmland "at a value that is exclusive of values attributable to urban influences or speculative purposes." *Id.*; ORS 308A.092(2). Similarly, designated forestland is "taxed based on the value of the forestland in timber production," regardless of whether the land might command a higher price for another use. ORS 321.259(4); 321.359(1)(a). Under either special assessment program, the state may forego some tax revenue for the sake of preserving land in a use determined to have wider value to the state's citizens. *See* ORS 308A.050; 321.259(2).

When a property ceases to qualify for special assessment, the state recoups a portion of its foregone tax revenue by placing an additional tax on the property's account on the next assessment and tax roll. ORS 308A.703(2).[3] That additional tax is "equal to the difference between the taxes assessed against the land and the taxes that would otherwise have been assessed" for a period of years depending on the type of special assessment lost. *Id.* In the case of Western Oregon designated forestland, that period is five years. ORS 308A.703(3)(d)(B). The additional tax must be imposed on such property when it is disqualified from special assessment "under ORS 321.359[.]" ORS 308A.703(1)(c).

/ / /

---

[3] Exceptions apply. ORS 308A.709. Neither party argues the exceptions are relevant in this case.

ORS 321.359(1)(b) states:

> "The county assessor shall remove the forestland designation upon:

> "(A) Notification by the taxpayer to the assessor to remove the designation;

> "(B) Sale or transfer to an ownership making it exempt from ad valorem property taxation;

> "(C) Discovery by the assessor that the land is no longer forestland; or

> "(D) The act of recording a subdivision plat under ORS chapter 92."

Here, taxpayer conceded the subject property was no longer forestland after it was clear-cut in late 2010 and no trees were replanted. Had the county discovered that fact at the time, it should have removed the forestland designation pursuant to ORS 321.359(1)(b)(C). Momentarily leaving aside any effect of the tax exemption statute, such a disqualification would have resulted in additional tax being placed on the 2011–12 tax roll for the subject. *See* ORS 308A.703(2).

In fact, the county did not discover the subject had ceased to be forestland until the time of taxpayer's exemption application, and the additional tax was first placed on the 2017–18 roll. Taxpayer does not contest "whether the Additional Tax is appropriate or calculated correctly[.]" (Ptf's Mot Summ J at 3.) Taxpayer does contend that it "is exempt from paying that Additional Tax under ORS 307.130(2)." (*Id.*)

B.      *Assessments on Tax-Exempt Property*

ORS 307.130(2) provides that, "upon compliance with ORS 307.162," qualifying property "shall be exempt from taxation[.]" ORS 307.162 states filing deadlines for exemption claims and includes provisions for filing retroactive exemption claims for up to five years prior to the current year. *See* ORS 307.162(2)(b)(A). An otherwise-qualifying property is not exempt if a timely claim is not filed. *Erickson v. Dept. of Rev.*, 17 OTR 324, 331–32 (2004) (holding

exemption lost where one exempt organization sublet to another without filing claim). Thus, exemption begins once there is compliance with the filing requirements of ORS 307.162 and continues each year thereafter until a disqualifying event occurs, such as a change of use or ownership.

Because a property is not exempt until exemption is claimed, it remains liable for taxes accrued for prior, nonexempt years even after a successful exemption claim is filed. *See* ORS 311.410(1) (taxes levied on real or personal property are "due and payable, notwithstanding any subsequent transfer of the property to an exempt ownership or use"). Indeed, the possibility of liability for taxes in years before the grant of an exemption is the rationale for allowing retroactive exemption claims under ORS 307.162(2)(b)(A); claiming exemptions retroactively would be unnecessary if prior years' tax liabilities were wiped away by a subsequent year's exemption. Thus, it is unsurprising that the court in *Erickson* upheld without discussion the addition of two years' back taxes to a property's account on the tax roll during a year in which the property was exempt. *See* 17 OTR at 327 (upholding imposition of back taxes against exempt property under ORS 311.229(1)). An organization not claiming exemption retroactively is not in "compliance with ORS 307.162" with respect to prior years, and thus does not qualify for exemption under ORS 307.130(2).

In the present context—imposition of additional taxes after special assessment—several statutes specifically require such taxes where property becomes exempt. Forestland designation is removed and additional taxes are imposed upon transfer of property "to an ownership making it exempt from ad valorem property taxation[.]" ORS 321.359(1)(b)(B); 308A.703(1)(c), (2); *see Kliewer v. Dept. of Rev.*, 15 OTR 139 (2000) (upholding additional tax imposed upon transfer of designated forestland to exempt owner). Those additional taxes are added to "the next assessment and tax roll"—which would be the first tax roll in which the property is exempt.

ORS 308A.703(2). Other special assessment statutes provide similarly. *See*, *e.g.*, ORS 308A.116(1)(b), (8) (nonexclusive farm use zone farmland); 308A.430(2)(c), (4) (wildlife habitat conservation); 308A.465(4)(e), (6) (conservation easement). Additional taxes for properties becoming exempt are also mentioned in ORS 308A.703(6), which controls the timing of the lien's attachment. Thus, as applied to properties becoming exempt upon transfer, the requirement of ORS 308A.703(2) first places additional taxes on the roll during the first year of such properties' tax exemption.

Although the additional taxes are added to the next tax roll after the disqualification, they are "deemed assessed and imposed in the year to which the additional taxes relate." ORS 308A.703(5). This court has not previously applied ORS 308A.703(5), but in the context of omitted property it has applied ORS 311.226, which states that "[o]mitted property shall be deemed assessed and any tax on it shall be deemed imposed in the year or years as to which the property was omitted." For purposes of calculating whether a bona fide purchaser is protected from a tax lien for omitted property, the date of deemed assessment is a date in the prior year from which property was omitted. *Dept. of Rev. v. Healy*, 19 OTR 553, 557 (2009). Where the assessment encompasses multiple years, the date of deemed assessment is a date in each of the years. *Id*. Given the similar language of ORS 308A.703(5), a similar result should hold for additional taxes after special assessment. The deemed assessment dates for additional taxes after special assessment occur during each of the years in the lookback period.

In the present case, taxpayer rests its argument on the words "shall be exempt from taxation" in ORS 307.130(2). Taxpayer argues that once a property tax exemption is obtained, the property owner "is exempt from paying the real property taxes due on the property * * * including, but not limited to, the additional tax." (Ptf's Response at 3.) It is unclear whether

taxpayer's argument is that no taxes—even back taxes—need be paid on an exempt property, or whether taxpayer's argument is that no new taxes may be imposed on an exempt property.

Neither argument succeeds. Exempt properties remain liable for prior years' tax liabilities by statute. *See* ORS 311.410(1). Were it otherwise, provisions for retroactive exemption claims would be superfluous. *Cf*. ORS 307.162(2)(b)(A). And taxes that are deemed imposed on a date when property was not exempt may become due after the property becomes exempt. *See Kliewer*, 15 OTR at 145–46 (holding additional tax after forestland disqualification first became due after property became exempt). Here, taxpayer's additional tax is deemed assessed and imposed within the five-year lookback period, which preceded the exemption. *See* ORS 308A.703(5). That tax remains a liability on the subject property despite the fact that it was not placed on the roll until after the exemption was claimed.

### III. CONCLUSION

The subject property is liable for the additional tax due upon its removal from forestland designation, notwithstanding that it was subsequently exempt from taxation. Now, therefore,

IT IS THE DECISION OF THIS COURT that the county's motion for summary judgment is granted.

IT IS FURTHER DECIDED that taxpayer's motion for summary judgment is denied.

Dated this ____ day of September, 2018.

_____
POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by __mailing__ to: 1163 State Street, Salem, OR 97301-2563; or by __hand delivery__ to: Fourth Floor, 1241 State Street, Salem, OR.*
*Your complaint must be submitted within __60__ days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*
*This document was signed by Magistrate Poul F. Lundgren and entered on September 7, 2018.*