IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

JOHN WASHINGTON )
and TAMMY WASHINGTON, )
)
      Plaintiffs, ) TC-MD 240573G
)
    v. )
)
CLATSOP COUNTY ASSESSOR, )
)
      Defendant. ) **DECISION**

Plaintiffs appealed Defendant's addition of omitted property to Account 29173 for the 2018-19 through 2023-24 tax years. Plaintiffs appeared at trial *pro se*; testifying on their behalf were Plaintiff John Washington and Jack Coffey, contractor. Christopher Leader, Appraisal Supervisor, appeared and testified on behalf of Defendant. Plaintiffs' Exhibits 1 to 13 and Defendant's Exhibits A to D were received into evidence.

## I. STATEMENT OF FACTS

The property in question is a 20-by-24-foot outbuilding behind Plaintiffs' home, referred to variously as a "guest house," a "barn," a "garage," and a "utility building." In June 2024, Defendant photographed the home and outbuilding and produced a diagram. (Def's Ex C.) In July 2024, Defendant added the value of the outbuilding to the subject account as omitted property for tax years 2018-19 through 2023-24.

Before its visit in June 2024, Defendant had last photographed and diagrammed the home in April 2000, before Plaintiffs purchased it. (Def's Ex B.) Defendant's April 2000 photograph shows a small shed located behind the house in the space later occupied by the outbuilding at issue. (*Id*. at 1.) The accompanying diagram and appraisal card indicate the shed measured 8-by-8 feet. (*Id*. at 3.)

Plaintiffs purchased the home in December 2001. Mr. Washington testified that the 20-by-24-foot outbuilding was present on the lot when Plaintiffs bought it, and several photographs dating back to February 2002 show the outbuilding. (Ptfs' Exs 1-6.) Mr. Coffey testified that the hanging hardware in the outbuilding could be dated to the 1990s, suggesting that it was not constructed after 2000.

An undated letter to Mr. Washington from the home's prior owner, Robert Pinson, was admitted into evidence by agreement of the parties. (Ptfs' Ex 13.) According to that letter, Pinson states that he built a shed in 1979, that he later replaced its wooden floors with concrete and installed large doors, and that he had intended make further improvements before deciding to sell to Plaintiffs. Pinson was not present for cross-examination at trial.

## II. ANALYSIS

The issue in this case is whether Defendant correctly added value for the outbuilding to the tax rolls as omitted property.

County assessors have a duty to prepare an accurate tax roll, and they are specifically enjoined not to willfully "[o]mit to assess any person or property assessable." ORS 308.330(1).[1] Mistakes do occur, however, and when they are discovered the statutes provide that "the officer in charge of the roll shall correct errors or omissions in the roll to conform to the facts[.]" ORS 311.205(1).

When an assessor discovers that property "has from any cause been omitted" from the most recent tax roll or from "any year or years not exceeding five years prior to the last certified roll," the assessor must add that property to the rolls from which it was omitted. *See* ORS 311.216(1).

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2023.

Here, the photographs and testimony establish that the outbuilding in question was built between April 2000 and December 2001. Defendant's April 2000 photograph shows a smaller shed in the same position later occupied by the outbuilding. Washington credibly testified that the outbuilding was on the property when he bought it in December 2001, and Plaintiffs' photographs from February 2002 support that testimony. Coffey's testimony that the outbuilding's hardware dates it no later than 2000 is consistent with its being built in the summer of 2000.

The Pinson letter does not establish anything contrary. That letter describes building a shed in 1979 and subsequently upgrading its floors and doors. The letter does not state when the upgrades occurred, and it leaves unclear whether the upgrades amounted to a remodel that created the present outbuilding. Furthermore, the court is unable to evaluate the letter's credibility because Pinson was not available to testify or be cross-examined. The photographic evidence, on the other hand, plainly shows different buildings occupying the same space in April 2000 and February 2002.

At trial, Plaintiffs emphasized that they did nothing wrong: they did not know the outbuilding was omitted property, and they did not attempt to conceal it from Defendant. On the evidence, the court agrees. However, addition of omitted property to the tax roll is not a penalty for wrongdoers; it is a correction of the roll "to conform to the facts[.]" *See* ORS 311.205(1).[2]

/ / /

/ / /

---

[2] The statutes provide some protection for taxpayers unaware that their property is omitted from the tax roll. Thus, assessors may only correct omissions for "five years prior to the last certified roll"--even where, as here, the property has been omitted far longer. *See* ORS 311.216(1). In addition, a bona fide purchaser of omitted property cannot be assessed back taxes from before the purchase, although that protection does not extend to the period after the purchase. *See* ORS 311.235; *Dept. of Rev. v. Healy*, 19 OTR 553 (2009).

III.  CONCLUSION

Defendant properly added Plaintiffs' outbuilding to Account 29173 as omitted property for the 2018-19 through 2023-24 tax years.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal be denied.

 

 

_____
POUL F. LUNDGREN
MAGISTRATE


***If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.***

***This document was signed by Magistrate Poul F. Lundgren and entered on May 7, 2025.***